## ROGERS v. F. STRAUSS & SON et al.
### No. 6097.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 5, 1940.

Rehearing Denied Feb. 7, 1940.

Writ of Certiorari and Review Denied
March 4, 1940.

·Joseph S. Guerriero and Theus, Grisham, Davis & Leigh, all of Monroe, for appellant.

·J. Fair Hardin, of Shreveport, and Clark & Thompson, of Monroe, for appellees.

HAMITER, Judge.

In the late afternoon of July 2, 1938, a truck owned by the commercial partnership of F. Strauss & Son, and driven by an employee, Roy Bealin, collided with an automobile operated by Mrs. Carl Loper at the intersection of Cypress and Pine streets in the City of West Monroe, Louisiana.

William Nathan Rogers, the plaintiff in this suit, was at the time standing in a filling station located on the northwest corner of the intersection; and he asserts that the truck, following the collision, proceeded across the curb and sidewalk and struck and injured him.

Impleaded as defendants herein, against whom plaintiff seeks a solidary damage award for his claimed injuries, are said partnership, its members, its insurer, and the truck driver. No demands are made on the automobile operator, Mrs. Loper.

Rogers attributes the accident and resulting injuries to the alleged negligence of the truck driver, the latter being charged with,—

"1. Driving the truck at an excessive and unlawful rate of speed in excess of forty miles an hour; .

"2. Operating the same with faulty and insufficient brakes;

"3. Failing to sound the horn of the truck;

"4. Failing to keep and maintain a proper and cautious lookout; .

"5. Driving the said truck from a public street of the City of West Monroe, across the curb, neutral ground, sidewalk and upon private premises, and into petitioner, who was lawfully standing on said private premises with his back to the intersection, the direction from where said truck came, and

"6. Failing to have said truck under proper control."

Defendants deny that plaintiff was injured, that there was negligence on the part of the partnership's employee in the handling of the truck, and that they are in any manner responsible for the collision. They declare that the accident was proximately caused by the negligent driving of Mrs. Carl Loper. Alternatively, contributory negligence on the part of plaintiff is pleaded.

The trial judge concluded that no negligence of the truck driver was proved, as his written opinion discloses, and judgment was rendered dismissing the suit. Plaintiff perfected this appeal.

Cypress and Pine streets are paved thoroughfares in and near their intersection. The former runs north and south and the latter east and west. A building arranged for a combination store and filling station, facing Cypress street and extending back along Pine street, is on the northwest corner. On the southeast corner is a dwelling house with some attendant shrubbery. Cypress street, on which the truck was traveling in a northerly direction, enjoys a right of way status under the provisions of Ordinance No. 952 of the City of West Monroe.

Mrs. Loper drove her automobile westerly along Pine street at a speed of 20 to 25 miles an hour and slowed it somewhat as she approached Cypress street. A full and complete stop, however, was not made, as the mentioned ordinance requires. After entering the intersection, the left front portion of her machine crashed into the right side of the truck near its front end. The automobile then curved to the right, came in contact with a vehicle parked on the west side of Cypress street and north of Pine street, and stopped. The truck, following the collision, crossed the six or eight inch curb of Cypress street located near the northwest corner of the intersection, proceeded westerly over the filling station driveway, and came to rest on the neutral ground that lies between the store

building and Pine street, after striking a wire chicken coop situated there.

The trial judge found that the Loper machine was traveling on its right side of Pine street and entered the intersection in the northern half thereof; that the truck proceeded on the east or its right side of Cypress street until momentarily before the impact, when it was suddenly steered westerly or toward the left to avoid the accident; and that the vehicles came together in the northern half of the intersection. A preponderance of the testimony, in our opinion, supports these findings, and also the fact that the truck entered the intersection before the automobile.

The following observations are made by the district court in support of the conclusion that plaintiff's charges' of negligence have not been established:

"The negligence complained of by the plaintiff, as set out in paragraph IX, and above quoted, first is to driving and operating said truck at an unlawful and excessive rate of speed of more than forty miles an hour. The court finds that there is no evidence in the record to show that the truck was going at an unlawful rate of speed. In fact, there is no testimony in the record that would enable the court to determine what the speed of the truck was, other than the usual speed.

"The second negligence complained of is that the truck was operated with faulty, deficient and insufficient brakes. The evidence does not show this. However, in view of the statements of the driver of the truck that he made no effort to put on his brakes while he was in the intersection or until he reached a point a few feet from where he brought the truck to a stop, which was past the point that the plaintiff claims he was struck at, the question of brakes would have no bearing on the accident, the driver having claimed that he made no attempt to use his brakes and that he thought that the best chance to avoid the accident was to cut to the left and try to avoid being hit.

"The third complaint of negligence on the part of the plaintiff is the failure to sound the horn of the truck. I think that under the testimony introduced in this case, it shows that at the time he entered the intersection and the truck driver saw the other car approaching him on Pine street, he was under the impression that Cypress street was a right of way street, and that he had the right of way, and that she would stop. The driver had the right to rely on the proposition that every one obeys the law. While the court thinks it would be a much better policy to always blow a horn in such instances, I don't think that the law would require him to do that and it follows that there would be no negligence so far as the plaintiff is concerned;
* * *.

"The next ground is driving said truck on a public street of the City of West Monroe, across the curb and neutral ground, etc. The evidence clearly shows that the driver of the truck did not do this arbitrarily but that what was done was done as a result of the accident with the Loper car and in an effort to avoid said accident as far as possible.

"And the last is failing to have the truck under proper control. As to that, of course, the defense is that the control was proper until the accident with the Loper car."

■ Our views are in accord with those above expressed. Supplementary thereto, it may be said that the truck's traveling after the impact some 50 or 60 feet and striking the chicken coop, which the record discloses occurred, does not conclusively indicate that an excessive or unlawful rate of speed was previously employed. The brakes on the truck were not applied until shortly before its stopping, and the coop, constructed of wire netting, was pushed a distance of only two feet.

■ This case, according to our appreciation of it, is governed by the principles of law enunciated in Hill v. Mickel, La. App., 139 So. 672; Jimes v. Fidelity & Casualty Co. of New York, La.App., 163 So. 421; Carkuff v. Geophysical Service, Inc., La.App., 179 So. 490; Richie v. Natchitoches Oil Mill, La.App., 178 So. 752, 755; Austin v. Baker-Lawhon & Ford, La. App., 188 So. 416. The truck driver proceeded in a lawful manner on a right of way street and was entering the intersection when Mrs. Loper approached Cypress street. It was her duty under the existing circumstances and as required by the cited ordinance, to stop her car and permit the truck's passage. She failed to discharge this duty and her failure constituted gross negligence and was the sole proximate cause of the collision.

■ If the truck driver, after the impact, pursued the wrong course in per-

mitting his vehicle to travel a short distance before applying his brakes, he can not, for that reason, be deemed guilty of negligence. An emergency, not of his own creation or choosing, then existed, and the use of thoughtful, deliberate and cool judgment could not be expected of him. Austin v. Baker-Lawhon & Ford, supra.

No error in the judgment is apparent, and it is affirmed.