EMPLOYERS MUT. CASUALTY CO. v. JOHNSON.

No. 14129.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

As Amended on Denial of Rehearing
Feb. 9, 1953.

---

154

George C. Cochran, John N. Touchstone, Dallas, Tex., for appellant.

Donald V. Yarborough, Dallas, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the district court, entered upon the verdict of a jury for the plaintiff, Plenie Johnson, in an action against his employer's insurer under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.Stat. art. 8306 et seq. The complaint alleged the following facts:

On or about December 20, 1950, the appellee, while working as a day laborer for Bell Bottom Foundation Company in Gray-

son County, Texas, was struck on his left cheekbone by a hammer head, which slipped from the handle of a hammer being used by a fellow employee. His skull was fractured near the orbit of his left eye, and the skin in that region was bruised and lacerated to such an extent that an operation was necessary to repair the damage to the nerves, muscles, and ligaments of his face. Immediately following the accident, he was placed under the care of the company's physician, who sent him to the hospital where he received the treatment above mentioned. He was confined in the hospital for a period of ten days. Since the date of the accident, he has suffered from a defect in his vision, known to the medical profession as diplopia, or double-vision.

■ At the close of the evidence on the trial below, the court instructed the jury, if they should find that the plaintiff had sustained a total and permanent incapacity, the form of their verdict should be: "We, the jury, find for the plaintiff and find that he suffered total and permanent incapacity." In rendering their verdict, the jury found the plaintiff to have sustained a permanent and total "disability." The appellant argues that the verdict was defective, because the jury used the word *disability* when they were instructed to say *incapacity,* and failed to find when the disability commenced. The appellee, in his original complaint, used both words as descriptive of the extent of the injury, thereby giving them a synonymous meaning. In its amended answer, the appellant also used the words synonymously, and, on the trial, interrogated two of its witnesses relative to any *disability* found from an examination of the appellee. At the conclusion of the evidence, the court instructed the jury that any "incapacity or disability" must have been the result of an accidental injury. From the time of the filing of the complaint until the entry of judgment, appellant made no objection to the use of either word as a synonym of the other, and we conclude that the jury considered the words as meaning the same thing. We think that the verdict responded amply to the pleadings and to the material issues as defined in the court's charge.

See U. S. Fidelity & Guaranty Co. v. Weir, Tex.Civ.App., 286 S.W. 565, 567; Southern Surety Co. v. Lacoste, Tex.Civ.App., 7 S.W. 2d 197, 199; Southern Underwriters v. Stubblefield, Tex.Civ.App., 130 S.W.2d 385, 388.

■ With regard to the argument of appellant that the verdict was defective because of the absence of a finding as to when the total disability commenced, the evidence shows that appellee was placed in the hospital immediately following the accident. The accident, as a fact, was admitted in appellant's answer. This leaves only the issue as to the extent of incapacity or disability. Such an argument as that presented by the appellant cannot be supported merely by testimony that the appellee was suffering from an ulcerated stomach. As this condition had existed in the appellee since 1936, and as there was no evidence that it interfered with the proper performance of his duties, no causal connection was established between the prior condition and his present disability. We think that the verdict, in view of the language of the pleadings and the court's charge to the jury, impliedly found that the total disability began on the date of the accident.

■ Appellant further contends that the verdict was erroneous, alleging that no proper foundation was laid upon which the appellee could introduce three X-ray films as exhibits, in the absence of evidence that said X-rays were taken in accordance with recognized standards. The record shows that no objection was made to their introduction, and that appellant's counsel challenged only the competency of a witness to interpret films which the witness himself had not taken. After identifying these films at the trial, Dr. Nash testified that they were made under his direction and supervision, and that they indicated an extensive fracture near the eye socket, causing double-vision. Appellant objected to this testimony, and the court overruled the objection as going to the weight and not to the admissibility of the evidence. When an objection is made to the introduction of evidence, the grounds therefor must be clearly and specifically stated for the

benefit of the court and opposing counsel in order that the objection, if sustained, may be cured by additional evidence. In the event that error was committed, the appellant waived its right on appeal because of failure to object at the trial and to state the basis on which the objection was made. Campbell v. Paschall, Tex.Com. App., 121 S.W.2d 593; Bankers Life Co. of Des Moines, Iowa, v. Butler, Tex.Civ. App., 122 S.W.2d 1077; Southern Underwriters v. Weldon, Tex.Civ.App., 142 S.W. 2d 574. See also: Utilities Indemnity Exchange v. Burks, Tex.Civ.App., 7 S.W.2d 1112, 1113; McEwen v. Texas & P. R. Co., Tex.Civ.App., 192 S.W.2d 309.

■ Our conclusion from the evidence is that the jury were justified in finding that the appellee was totally and permanently disabled. The record discloses that he lost consciousness immediately as a result of the injury; that his left-eye orbit is now below that of his right eye; that he suffers from diplopia; that scar tissue has formed around the injured eye; that he experiences difficulty in coordinating his bodily movements; that he suffers continually from excruciating pain in his head; and that he has been unable to pursue satisfactorily any gainful employment or occupation. The testimony of two medical witnesses is to the effect that appellee unquestionably suffers from diplopia; that he has a deformed eye orbit and disturbed eye muscles; and that his condition is permanent and prevents the performance by him of any manual labor. Dr. Nash testified that, although he had not examined appellee for diplopia, if such a condition existed he would consider it disabling. Another medical witness for the appellant testified that appellee was suffering from diplopia and impaired muscular function. There is ample evidence to sustain the jury's finding that appellee's disability is total and permanent, and that it resulted from the accident. Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015; Texas Employers' Ins. Ass'n v. Fletcher, Tex.Civ. App., 214 S.W.2d 873.

■ The district court submitted the cause to the jury upon a general charge. The issues raised in the pleadings, the defenses thereto, and the law applicable to the facts, were effectively presented. The federal practice, including Rule 49 of the Federal Rules of Civil Procedure, 28 U.S. C.A., does not require the court, as a matter of law, to submit special issues of fact to the jury; but the court may, in its discretion, submit the case on a general charge. We do not find that the refusal of the instructions requested by appellant operated to its prejudice or caused the jury to render an erroneous verdict; and the judgment appealed from is affirmed. Baker, Fentress & Co. v. Young, 7 Cir., 55 F.2d 53. Cf. Lorch v. American Can Co. Southern, La.App., 5 So.2d 35; Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9.

Affirmed.