67 So.2d 143 (1953)
MESSINA
v.
AUDUBON INS. CO., Inc.
No. 3698.
Court of Appeal of Louisiana, First Circuit.
June 30, 1953.
Rehearing Denied September 15, 1953.
Writ of Certiorari Denied November 9, 1953.
DeBlieux & Hinton, Baton Rouge, for appellant.
Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, for appellee.
*144 LOTTINGER, Judge.
This is a suit by Mrs. Pauline Anne Piazza Messina, wife of Anthony Messina, against the Audubon Insurance Company for damages resulting from personal injuries sustained by petitioner as a result of an automobile collision. From judgment below in favor of defendant, dismissing petitioner's suit, the petitioner has taken this appeal.
The accident was between Mrs. Messina's car, being driven by her husband, and a truck owned and driven by one Julius J. Duchan. The accident occurred on U. S. 90 near Gibson, in Terrebonne Parish, Louisiana, at about 5:30 p. m. on September 30, 1951.
The Audubon Insurance Company was the liability and collision insurer of the Messina automobile, the petitioner was the named insured in the policy of insurance. Petitioner alleges that the accident was caused solely and entirely to the fault of her husband, Anthony Messina, who was a guest driver, and sues, under the liability policy, for injuries sustained by her in the accident.
On the day of the accident, Julius Duchan was driving his 1½ ton truck in a northerly direction on Highway 90, and was attempting to make a left turn into his private driveway when he was struck by the petitioner's car, which was also proceeding northerly along said highway. Duchan, the driver of the truck, testified that before he attempted to make the turn, he saw the Messina car approaching from behind at a speed of 60 or 65 miles an hour, but that he held out his hand to indicate his intention to make the left turn. Mr. Messina, on the other hand, testified that he was driving at about 50 or 55 miles per hour and at a distance of 100 or 150 feet behind the truck, when the truck pulled slightly to its right. Messina thought the truck was going to stop for a little cafe on the right side of the highway, and proceeded on his course to Morgan City. The truck then turned to the left, Messina "slammed" on his brakes and tried to turn with the truck into the Duchan yard. The front end of the car struck the left side of the truck at about the door. At the moment of the impact, the car and truck were in the left lane, and there is some testimony that some portion of the truck had left the paved portion of the highway. The evidence indicates that the vehicles moved little, if any, after the impact.
The lower court held Duchan's negligence to be the proximate cause of the accident, and dismissed petitioner's suit. The petitioner has taken this appeal. Prior to filing answer, the defendant filed exceptions of no right or cause of action, which were referred to the merits.
As to the facts surrounding the collision, the lower court, said:
"Duchan, the driver of the truck, testified that before he attempted to make the turn, he saw the Messina car approaching from behind at a speed of 60 or 65 miles an hour, but that he held his hand out to indicate his intention to make the turn. Indeed he said that he put out his hand when he was `an acre and a half from my driveway'. Hilbert Draft, who claimed to have witnessed the collision, testified that Duchan put his hand out 100 feet before he made the turn, while another witness, Anita Kraft testified that he put out his hand when he was about ten feet in front of the Messina car. She subsequently changed this estimate to 30 feet.
"Before concluding his testimony concerning the facts of the accident, Duchan on page 13 of the transcript of testimony says he was only 75 feet from his driveway when he gave the signal for a turn and before he attempted to make the left turn, at which time Messina was about 150 or 200 feet away traveling 60 or 65 miles an hour.
"Messina, the plaintiff's husband, had this to say concerning the accident:
"`A. Yes sir. We were going to Morgan City. We got near Gibson *145 and I saw this truck in the front of me. I guess he was about 100 or 150 feet and I took my foot off the accelerator, slowed down and I thought the truck was going to stop for a little cafe that was near, and I put my foot back on the accelerator and when I did I was going to pass him and he made his turn to go in his yard and I slammed on my brakes and tried to pull in with him in his yard. He had kind of pulled over and I thought he was going to stop at the cafe like I said on the right side. There were a few cars parked there and I thought he was parking over there to meet the gang.'"
The facts show that Messina, on behalf of his wife, collected the sum of $600 from Duchan. He and his attorney, who gave Duchan a release for any future claim by Messina or his wife, claim that they had no authority to accept said payment on behalf of petitioner. Nevertheless, Messina signed said release both on his own behalf and on behalf of his wife. Messina and his attorney further state that, at the time they accepted the money from Duchan, they did not pretend that the accident had been caused by any negligence on the part of Duchan, but that the money was more of a donation to be applied on the petitioner's hospital bill.
The defendant introduced into evidence a statement of the accident given to its adjuster by the petitioner as follows:
"My car was being driven at the time of the accident by my husband, Anthony Messina, and I was sitting beside him. A friend, Sam Carlino was sitting in the front seat with us on the right side. My vision at the time was not marred by anything. It was 5:30 p. m., still daylight, and there was no necessity for lights on the car.
"We were proceeding west at a speed of approximately 55 to 60 miles per hour. This didn't seem to be too fast at the time, since traffic was light compared to what it usually is. We were enroute to Morgan City from Houma. We were going to visit some of my husband's relatives. This highway was paved with concrete and I think it's called U. S. 90, although I'm not positive.
"As we were riding along, I notice a large truck making a left turn across the highway. It was proceeding from the north side of the highway to the south side. I hollered to my husband `Watch out' and as I did so, he slammed on the brakes. He must have seen the truck about the same time as I, because he applied the brakes about the same time I hollered. My husband, in addition to applying his brakes, attempted to swerve to his left in an effort to miss the truck. Our car slid some before the collision, but I couldn't say how far. The accident occurred more in the south lane than in the north. The right front end and right front side of our car struck the truck on the left side near the door. The truck, I noticed after the collision, was attempting to turn into a private driveway."
On trial of the matter, the petitioner read over the statement and stated that it was correct, and was the version of the accident she had given the adjuster. The only reason she refused to sign the statement was because the adjuster failed to put in it an expression of opinion by her to the effect that if her husband had gone to the right instead of the left, he might have avoided the accident.
On trial of the matter, the petitioner testified that the truck was in the process of turning, about seventy-five feet away, when she first saw it. She testified, on cross-examination, that, at the time she first saw the truck, it was "going into the lane, into the drivewayIn other words, at the time the truck was completely across the highway." This would indicate that her husband could easily have avoided the accident by continuing in his right hand lane. In the statement, however, she stated that the *146 impact occurred "more in the south lane than in the north". This would indicate that Duchan must have cut sharply in front of the Messina car, as according to the statement, the impact took place somewhere near the center of the highway. The lower court weighed the unsigned statement against the testimony of the petitioner, and concluded that the former was a more nearly correct version of the collision.
The lower court said that it was significant that petitioner did not call on her behalf to the witness stand, Sam Carlino who was a passenger in the Messina car and who undoubtedly witnessed the accident. No reason was given for petitioner's failure to call him as a witness. Petitioner herself testified that he was a good friend, and was living in Baton Rouge. The lower court stated: "Her failure to call him irresistibly leads to the conclusion that his testimony would have been unfavorable to her pretensions."
It is the well settled law of our state that a person who attempts to make a left turn on the public highways of the state must ascertain before turning that the turn can be made in safety. Myers v. Maricelli, La.App., 50 So.2d 312; Malone v. Fletcher, La.App., 44 So.2d 352; Michelli v. Rheem Mfg. Co., La.App., 34 So. 2d 264; Muse v. Chambley, La.App., 16 So.2d 276.
The lower court held the failure of Duchan to exercise the necessary precautions in making a left turn to be the proximate cause of the accident. We fail to find any error in this decision of the lower court. Under the circumstances, the speed of Messina, 50 to 55 miles per hour was not excessive, as they were proceeding along a dry paved highway during daylight. At the time the turn was commenced by Duchan, Messina immediately applied his brakes and attempted to avoid the collision by pulling to the left. Although the accident might have been avoided had he turned to the right, we can only hold him to what a reasonable man would have done under the emergency, and the evidence does not show that his actions were unreasonable. If Duchan did hold out his hand to indicate a left turn, as some of the witnesses testified, he did not do so until he was ready to commence the turn, and was negligent in failure to exercise the precautions for making such a turn as is required by law.
Furthermore, it has long been the law of this state that findings of fact of the lower court will not be disturbed except for obvious error. We fail to find the required error. Petitioner must prove her case by a preponderance of the evidence, and we do not believe that due proof has been made of negligence on the part of Messina. We agree with the lower court in its finding that the sole and proximate cause of the accident was the negligence of Duchan in his failure to exercise the precautions which were necessary under the circumstances.
For the reasons assigned, the judgment of the lower court will be affirmed, costs of this appeal to be paid by petitioner.
Judgment affirmed.