75 So.2d 37 (1954)
Carl KING, Plaintiff-Appellee,
v.
Paul L. WILLIS, Defendant-Appellant.
No. 20314.
Court of Appeal of Louisiana, Orleans.
October 18, 1954.
Harold L. Molaison and Robert I. Broussard, Gretna, for appellee.
Weiss & Weiss, S. Paul Weiss, New Orleans, for appellant.
*38 REGAN, Judge.
Plaintiff, Carl King, instituted this suit against the defendant, Paul L. Willis, endeavoring to recover $194.46, or $42 and $152.46, representing respectively cab fare expended and property damage incurred to his 1948 Chevrolet sedan, as a result of a collision with defendant's 1947 Chevrolet panel truck, in the intersection of River Road and Distillery Lane, in the Parish of Jefferson, Louisiana, on October 21, 1952, at about 7:00 a. m.
Defendant answered and admitted the occurrence of the accident, but denied that he was guilty of any negligence and, in the alternative, pleaded the contributory negligence of plaintiff. He then reconvened for the sum of $108.84, the amount of damages incurred by his vehicle as a consequence of the accident.
From a judgment in favor of plaintiff in the amount of $167.46 and dismissing the reconventional demand, defendant has prosecuted this appeal.
The record reflects that the accident occurred when the plaintiff was driving in the River Road from Gretna to Marrero and was in the act of passing to the left of another vehicle moving in the same direction, when defendant's truck suddenly emerged from Distillery Lane and into the path of plaintiff's car.
The defendant, in relating his version of the accident, stated that prior to the collision he was driving in Distillery Lane and it was his intention upon reaching River Road to execute a right turn therein in order to proceed to Gretna; as he approached the River Road a fence obstructed his view of the traffic therein emanating from Gretna, the direction from which the plaintiff was approaching; therefore, in order to ascertain if any traffic was actually approaching, defendant decided to drive into the River Road and come to a "rolling stop" and, of course, the inevitable collision, which is the subject matter of this suit, occurred.
In order to exculpate himself from negligence, defendant relies principally upon LSA-R.S. 32:233, subd. E, which provides:
"The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any * * * intersection of the highway * * *."
In his written reasons for judgment, the trial judge observed:
"The court is personally familiar with the intersection and knows the River Road to be a paved, heavily travelled highway, while Distillery Lane is a small, unpaved and comparatively seldom used road which comes to a dead end at the River Road. Actually Distillery Lane is of such small importance as a road that even a frequent driver on the River Road, not thoroughly familiar with the immediate locality, ordinarily would not know of the existence of Distillery Lane."
Obviously Distillery Lane and River Road is not an intersection within the meaning of the above cited section of the Revised Statutes. See Dudley v. Surles, 1942, 11 So.2d 70, 73, in which the Court of Appeal for the Second Circuit agreed with the opinion of the trial judge that "the locus of the collision could not be termed the intersection of a highway, so as to make applicable the quoted statutory provision, because the dirt road running east and west is not clearly defined and there is nothing to distinguish it from the ordinary plantation crossing."
The trial judge, in the present case, was further of the opinion that:
"Under all circumstances the court feels that this accident was caused solely by the negligence of the * * * defendant and that * * * the plaintiff did not contribute thereto either by his speed or otherwise due to the fact that the road appeared clear ahead of him at the time he started to pass and was passing the other car."
*39 After a careful examination of the record we are in full accord with the ultimate conclusions of the trial judge that the proximate cause of the accident was the gross negligence of defendant in driving his vehicle into a heavily travelled roadway when his vision of the traffic moving therein was admittedly obstructed and that the plaintiff was not negligent and did not, in any manner, contribute to the cause of the accident.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.