134 So.2d 366 (1961)
Betty Perkins DAVIS, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 374.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, Lafayette, for defendant-appellant.
Dugas, Bertrand & Smith, by Lucien C. Bertrand, Jr., and Frank Smith, Jr., Lafayette, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
On the clear dry morning of November 19, 1957, the plaintiff was injured when the automobile she was driving collided with a large rice truck owned and operated by Noah *367 Foreman. This suit is against Foreman's liability insurer to recover for the substantial personal injuries suffered by the plaintiff as a result of the accident. The defendant insurer appeals from judgment awarding the plaintiff the policy limit of five thousand dollars.
The accident occurred when the defendant's insured turned left across the plaintiff's path as she was overtaking him. The preponderance of the evidence supports the trial court's finding that the defendant's driver turned left without previous observable signal of his intention to do so and without his having made adequate observation so as to discover the plaintiff's vehicle in the process of overtaking him to pass. Foreman's negligence in making this sudden unsignalled left turn across the plaintiff's immediate path is thus a proximate cause of the accident. Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Washington Fire & Marine Ins. Co. v. Fireman's Insurance Company, 232 La. 379, 94 So.2d 295; Deshotels v. United States Fire Ins. Co., La.App. 3 Cir., 132 So.2d 504, certiorari denied.
The principal question of this appeal, however, is whether the plaintiff's recovery is barred by the alleged contributory negligence of her act of attempting to pass the defendant's driver Foreman at an intersection, in alleged violation of LSA-R.S. 32:233E, which prohibits the overtaking and passing of a preceding vehicle at an "intersection of the highway". See Herget v. Saucier, 223 La. 938, 939, 67 So.2d 543.
The evidence shows that, prior to Foreman's sudden left turn, the plaintiff was approaching from behind the Foreman vehicle at a speed of from 55-60 mph, within the lawful limits, on an open rural hard-surfaced roadway and that she had drawn into the left lane to pass. Immediately upon Foreman's turning, she applied her brakes but was unable to avoid colliding with the Foreman vehicle when it turned left to enter a side-road.
The side-road in question was a narrow gravelled lane used principally to reach a residence located about three hundred yards from the highway and also by some farmers to reach their fields located along its short length. It is claimed that it is a public road rather than a private driveway because parish equipment had on occasions gravelled and maintained it over the six to seven years prior to the accident.
We find no error in the trial court's determination, based upon the evidence introduced at the trial, that the unmarked side-road in question, even though used by the public, is not an "intersection of the highway" within the meaning of LSA-R.S. 32:233E. Sonnier v. Great American Indemnity Co., La.App. 3 Cir., 134 So.2d 363; Sheridan v. Deshotel, La.App. 1 Cir., 121 So.2d 305; Babineaux v. Sims, La.App. 1 Cir., 111 So.2d 848; Brown & Williamson Tobacco Corp. v. Baumgardner, La.App. 1 Cir., 92 So.2d 107; King v. Willis, La.App. Orl., 75 So.2d 37. See also: Dudley v. Surles, La.App. 2 Cir., 11 So.2d 70.
As the trial court stated in this regard:
"* * * The court observes that while there was a white line bisecting the highway at the time of the collision, there was no yellow line to the south of this white line indicating that no passing should be attempted in the area of this intersection. While it is true that existing law prohibits the passing at an intersection, we do not believe that the proximate and immediate cause of the collision in the instant case was the violation of this particular provision of our statutes. This court is of the opinion that the legislative intendment in enacting this provision of law was twofold; first and foremost, to protect the driver entering the highway from the intersecting road who intended to turn right in his defined lane if there is no car approaching in his defined lane from his left, and second, that on a well defined intersecting highway that the driver approaching from the rear could *368 reasonably expect the possibility of the forward driver making a left hand turn. However, in the instant case a view of the scene of the accident by the court [in the presence of both counsel] did not convince the court that the intersecting road was a well defined intersecting road. The court is not convinced that this was actually a public road although there is some evidence that the Policy Jury of Lafayette Parish at times had worked this road.
"We think that the burden placed by existing law on a driver attempting a left hand turn is greater than that imposed upon the driver approaching from the rear in open country where the forward driver attempts to turn into a narrow, unmarked lane. Of all the parishes or counties in the United States the Parish of Lafayette has the third highest area of cultivable land. For this reason there are lanes and private driveways in a much higher proportion than in the average parish or county. To expect a driver proceeding along a well constructed highway to anticipate a left turn at every lane or private driveway would be a serious impediment to travel. * * *"
We therefore affirm the trial court's finding that the plaintiff was free of contributory negligence barring her recovery.
There is no dispute as to the amount of the recovery. The plaintiff's injuries were serious and crippling and would justify a far greater award than the limits of the liability policy issued by the defendant insurer.
For the foregoing reasons, the judgment of the trial court in favor of the plaintiff is affirmed. All costs are taxed against the defendant-appellant.
Affirmed.