**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant,**

v.

**Loyd F. HEATH, Appellee.**

No. 18957.

United States Court of Appeals
Fifth Circuit.

April 13, 1962.

Paul R. Mayer and Mayer & Smith, Shreveport, La., for appellant.

Whitfield Jack and Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, La., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

This is a suit for personal injuries arising from an automobile-truck collision. The action was brought by the appellee, Heath, under the Louisiana Direct Action Statute (LSA–R.S. 22:-655) against the insurer alone. It was tried to the court without a jury and the court rendered a judgment for the appellee in the amount of $36,207.00. The question presented for determination by this Court is whether the findings of fact by the trial court are clearly erroneous, including also the correctness vel non of its conclusions based thereon.

We feel that there is ample evidence in the record to support the following, as found by the lower court: this accident occurred in broad daylight on a straight, flat, concrete surfaced, two-lane stretch of new U. S. Highway No. 171, in Caddo Parish, Louisiana, eleven miles south of Shreveport at about 11:30 A.M., on October 29, 1957. The weather was clear and the road surface was dry. No vehicles, other than the two involved, were in sight. At the scene of the accident, new U. S. Highway No. 171 ran north and south, and substantially parallel to it, about fifty yards to the east, was the old highway. At the scene of the accident a small gravel side road connected the old and new highways, with a short concrete apron at the new highway. This side road continued a short distance across the old highway to the east and was in the initial stages of improvement.

The insured's truck-trailer, driven by insured's employee and loaded with ten tons of iron ore, was proceeding south on new U. S. Highway 171, and the driver was approaching, and intending to turn off to the left onto, the small gravel side road and to deliver his load of iron ore to the road improvement project east of the old highway. Appellee, accompanied by a guest seated to his right, was driving his Chevrolet automobile south on new U. S. Highway 171. After observing that there was no other traffic coming from the opposite direction or from his rear, appellee sounded one long blast on the horn, pulled over into the left-hand passing lane and, having observed nothing to indicate the intention of the truck driver to turn from his straight line of

travel in the right lane, committed himself to pass.

Appellee was then something more than one hundred fifty feet to the rear of the truck, which was traveling at a speed of fifteen to twenty miles per hour and was still in its own right lane. He gave a long blast of his horn as he entered the passing lane. As the truck was almost even with the intersection with the gravel road, it suddenly and unexpectedly turned into the left lane, directly across the path of appellee, and headed towards the side road. As the truck driver made this unexpected turn, appellee blew his horn two short blasts and immediately applied his brakes and skidded ninety feet straight down the left lane, but was unable to avoid collision with the left-turning truck. The right front portion of appellee's car struck the left rear corner of the trailer part of the truck-trailer. The findings by the court were based upon the oral testimony, most of which was the subject of sharp dispute, and are supported by the series of photographs which appellant exhibits with its brief. Appellee's guest was killed and appellee was badly injured.

The trial court was of the opinion that, since the appellant's truck was making a left turn directly in front and across the path of appellee's overtaking automobile, the burden of proof rested heavily upon appellant to explain how the accident occurred and to show that it was free from negligence. It concluded that appellee had established by a fair preponderance of the evidence that the sole proximate case of the collision was the negligence of the truck driver, and further that the appellee was not guilty of contributory negligence. It concluded, finally, that the truck driver had the last clear chance to prevent the accident and did not take the precautions legally required of him before making the left turn.

■■ Appellant's first contention is that the lower court erred in concluding that the burden of proof was on appellant to show that he was not negligent and that his negligence was not the proxi-

mate cause of the accident. Under Louisiana law, when a left-hand turn is being made and an accident occurs, the burden "rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence." Codifer v. Occhipinti, Ct.App.La., Orleans, 1952, 57 So.2d 697, 699. The driver attempting the left-hand turn must make certain that the turn can be made without danger to the normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles. American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930; Wilson v. Southern Farm Bureau Casualty Co., 5 Cir., 1960, 275 F.2d 819; Messina v. Audubon Ins. Co., Ct.App.La., 1 Cir., 1953, 67 So.2d 143; Martin v. Globe Indemnity Co., Ct.App.La., Orleans, 1958, 64 So.2d 257; and Bergeron v. Department of Highways, Ct.App.La., 1 Cir., 1951, 50 So.2d 337. This is particularly true where, as here, the left turn is being made into an unmarked road. American Fidelity & Casualty Co. v. Drexler, supra; Dudley v. Surles, Ct.App.La., 2 Cir., 1942, 11 So.2d 70.

The Court of Appeals of Louisiana, Orleans, had declared the law in precise terms: "The State Highway Regulatory Law, LSA–R.S. 32:235, 236, makes it clear that a driver attempting to turn to his left on a public highway must make certain that it is safe to do so. When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence." Codifer v. Occhipinti, supra.

■ In civil jury cases, federal courts evaluating decisions of Louisiana State courts as precedents have the difficult task of separating their decisions on the law from their review of the facts. Wright v. Paramount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303, 306. The language quoted supra from Codifer is so phrased, however, as to announce a general principle of law and we think that

it, along with the others cited, announce the prevailing rule of law in Louisiana. We feel that the appellant has failed to show that the findings of fact were clearly erroneous or that the conclusions of law were not supported by the Louisiana cases; and that, taking the case as a whole, the judgment below does reflect the truth and right of the case.

■ With respect to the question of appellee's contributory negligence, it is clear that the burden of proof was upon appellant to prove this special defense by a preponderance of the evidence. Appellant contends that appellee was negligent in passing at an "intersection," as prohibited by Louisiana statute. The Louisiana appellate courts on numerous occasions have restricted the definition of an intersection as respects the prohibition against passing.

■ The evidence was overwhelming that the side road was in the open, sparsely-populated countryside; that there were no road markers or signs to warn appellee of the existence of the side road; that there were no yellow lines on the pavement to indicate a no-passing zone; that there were no "slow" or "caution" signs; that the side road intersected the highway at a "T" and did not continue across it; that the side road was not "dedicated" at the time of the accident; and that it was in such a state of incompletion as properly to be characterized as "leading nowhere." Under these circumstances, the Louisiana courts have held that such a side road does not constitute an "intersection" within the meaning of the statute prohibiting such passing.[1] This, coupled with the fact that it was not shown that appellee was traveling beyond the permissible speed limit, that he was nonobservant or that he failed to have his vehicle under proper control, compels the conclusion that the court below properly held that negligence on the part of appellee had not been shown.

■ We think, too, that the court below was warranted in finding that the driver of the truck had the last clear chance to avoid the accident even if appellee had been guilty of contributory negligence, and that this conclusion is supported by the case cited, Parker v. Home Indemnity Co. of New York, La. App.1949, 41 So.2d 783. The truck driver testified that he had been conscious of appellee's approach from the rear, having seen him one or more times in his rear view mirror. If, just prior to beginning the left turn, he had looked again into the mirror, he would have seen that appellee's car was no longer behind him in the right lane, but that he had pulled over into the left lane to pass. If the truck driver had done this, a simple maneuver on his part would have avoided the accident.

The case presented to the court below turned largely on the resolving of the conflict between the appellee and the truck driver as to just what happened at and immediately before the time of the collision. There was evidence which would have warranted the court in discounting the testimony of each of them. In the face of testimony in such sharp conflict a finding by the court below in favor of either litigant would probably have been sustained. The case was carefully tried by an experienced judge well versed in Louisiana law, and the testimony and the exhibits support the findings and conclusions it reached. Our consideration of them convinces us that the judgment entered by the court below is supported by the facts and the law, and it is

Affirmed.

1. Dudley v. Surles, supra; King v. Willis, Orl.La.App.1954, 75 So.2d 37; American Fidelity & Casualty Co. v. Drexler, supra; Brown & Williamson Tobacco Corp. v. Baumgardner, Ct.App.La., 1 Cir., 1957, 92 So.2d 107.