CHASEZ, Judge.
This action rises out of an automobile collision which occurred on Louisiana Highway 18 (known as River Road) in or near the town of Edgard, Louisiana, on March 26, 1966. The plaintiffs, Edna E. Dumas, Eleanor Richardson, wife of Clarence Richardson, and Barbara Fields were the guest passengers in a 1966 Volkswagen station wagon owned by defendant Herman W. Yarbrough, operated by his wife defendant Andryetta W. Yarbrough, and insured by defendant Vico Insurance Company. The Yarbrough vehicle collided with a 1965 Chevrolet truck owned by defendant O. L. Haas d/b/a Haas Lumber & Building Supplies, driven by defendant John L. Growe, Sr. and insured by defendant, The Connecticut Fire Insurance Company.
Suit was filed by the named guest passengers and Clarence Richardson, against all of the defendants listed above for alleged injuries, medical expenses and lost wages of the aforementioned guest passengers. This suit was answered by the defendants, each denying liability; further defendants Mr. and Mrs. Yarbrough brought a third party demand against defendants Haas, Growe and The Connecticut Fire Insurance Company; and defendants Haas, Growe and Connecticut Fire Insurance Company likewise brought a third party action against Mr. and Mrs. Yar-brough and Vico Insurance Company. Subsequent to the trial of this matter the Yarbroughs and Vico Insurance Company settled the matter of their liability with each of the plaintiffs named above and were released from suit insofar as the principal demand by plaintiffs was concerned. After trial on the merits judgment was rendered in favor of the defendants, O. L. Haas d/b/a Haas Lumber and Building Supplies, John L. Growe, Sr. and The Connecticut Fire Insurance Company, against the plaintiffs, Edna E. Dumas, Clarence Richardson, Eleanor Richardson and Barbara Fields, and also in favor of Haas, Growe and Connecticut Fire as third party defendants against third party plaintiffs Herman W. Yarbrough and his wife Andryetta W. Yarbrough. No mention was made of the respective third party demand of Haas, Growe and Connecticut Fire against the Yarbroughs and their insurer evidently because it was limited solely for indemnification and as seen above Haas, Growe and Connecticut Fire were not found liable to the original plaintiffs.
This appeal was taken by Edna E. Dumas, Clarence Richardson, Eleanor Richardson and Barbara Fields from that part of the judgment which denied their claim against appellees herein Haas, Growe and Connecticut Fire. No other appeals were taken in this matter.
Thus, we have but one issue before us, i. e., was the trial judge in error in failing to find that John L. Growe, Sr., the driver of the Chevrolet Truck, was guilty of negligence which caused or contributed to the accident in question.
The record discloses the following facts as to the manner in which the accident occurred. The Yarbrough vehicle was proceeding northward on the River Road which at that point is a two-laned, two-way thoroughfare, when its driver, Mrs. Yarbrough, attempted a left hand turn onto an intersecting roadway. In the course of this turn the Yarbrough vehicle collided with the Chevrolet truck driven by Mr. Growe which was in the act of passing it from the rear. Mr. Growe testified that he was travelling northward on River Road when, he first observed the Yar-brough car. He noted this vehicle was travelling at a slow rate of speed so he decided to pass it. He stated that when he was some ten feet from the vehicle, but in *290 the passing lane, he first noted the driver of this vehicle intended to make a left hand turn. He blew his horn and touched his brake lightly, then applied his brakes with great force when it became evident that the Volkswagen was taking no heed of him and was actually beginning to turn into him. He turned his vehicle sharply to the left but could not avoid making contact with the other vehicle.
Mrs. Yarbrough stated she had been travelling at a relatively slow rate of speed in a northerly direction on the River Road as she was looking for the home of a relative of one of her guest passengers.- She stated she had turned by mistake into the driveway of a home she incorrectly thought to be the one she was looking for, backed out, proceeded a short distance down the highway, then attempted to make a left hand turn into another roadway when the accident occurred. She stated she used her directional signals to indicate her intention to make this left turn, and she also gave the appropriate hand signal. She stated she was well into her turn when struck from the rear by the Growe vehicle. She indicated that she did not see this vehicle until the accident occurred. Her testimony on this last point was confused and contradictory however, and it evidently caused the trial court to doubt the correctness of her story as will be seen at length below.
The appellants admit that Mrs. Yar-brough was guilty of negligence but they contend that Growe was likewise guilty of specific acts of negligence which constituted the sole or at least contributing cause of the accident, and for which he should be held as a joint tort feasor.
Appellants urge defendant Growe was negligent in two respects. First they contend he was negligent per se in attempting to execute a passing maneuver within 100 feet of an intersection in violation of LSA-R.S. 32:76A(2). Second they argue, Growe, as the overtaking and passing motorist, was negligent in attempting his passing procedure after he observed the Volkswagen station wagon in front of him was beginning to make a left turn.
As to the first contention much depends on the character of the roadway which allegedly forms the “T” intersection with River Road. The record discloses that it is an unnamed gravel and dirt surfaced country road which services several homes which are built back off of the River Road at that point. The investigating officer who visited the scene of the accident described this road as “simply a driveway.” The record is clear that there were no intersection signs on the River Road at its junction with this roadway, nor were there “no passing” lines on River Road in this area. We find that the jurisprudence is clear under these factual conditions the roadway in question was not an intersecting highway within the contemplation of the statutory authority cited above; thus defendant Growe’s actions in attempting to pass at this point was not negligence per se on his part. Crane v. London, 152 So.2d 631, La.App. 2 Cir.1963; Davis v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 366, La.App.3rd Cir.1961, and cases cited therein.
We turn then to appellant’s second contention of actionable negligence on the part of the defendant driver.
This contention resolves itself into a question of which version of the accident is the correct one in this case. If we accept Growe’s story that he was well into his passing maneuver and in fact but ten feet from the Yarbrough vehicle before it gave any indication it would turn left, then his subsequent actions indicate that he did all that he could to avoid the accident and he was in no way guilty of negligence. However if appellants’ version is correct then Growe had ample opportunity to see the Yarbrough vehicle was about to negotiate a left turn before he began to pass it and he was negligent in then attempting this maneuver and this negligence was at least a concurrent cause of the accident.
*291 It is too well settled to require citation here that the factual findings of the trial judge are to be accorded great weight by us in our attempt to decide the factual issues in cases before us.
In his reasons for judgment orally assigned from the bench at the conclusion of the trial the judge indicated that he put little credence in the testimony given by Mrs. Yarbrough as to how the accident occurred. He noted that she stated at one point she did not see the overtaking truck until after the accident occurred, yet later she stated she did see the truck as she began her turn, but that it was at that time a good distance behind her. She estimated it took ten seconds to complete her turn and in that time the truck had closed the distance between them (a distance the trial judge found to be 250 feet) and struck her when she was well into the turn.
On the other hand the trial judge had this to say concerning defendant Growe’s testimony:
“The driver of the truck’s story rings truer to the court in that he said that he saw the Volkswagen, that he sounded his horn, he applied his brakes, he turned to the left and ended up going up the lane where this driver of the Volkswagen was going. The physical evidence speaks louder than anything else. The damage to the Volkswagen is not at the bumper height that witness for the plaintiff attempted to make it, but is high up on the cab of the Volkswagen and the testimony is that the stake body was hit also, the stake body of the truck.”
We agree with his conclusions that the evidence supports Growe’s testimony, and that his testimony represents the accurate version as to how the accident occurred. The damage to both vehicles indicated that the Volkswagen began its left turn when both vehicles were alongside one another. The positions of the two vehicles after the accident, and the relatively light damage to both, indicate that the driver of the truck had such control over his vehicle that he was able to execute an immediate left hand turn into the same road in which the Volkswagen was attempting to turn, and thus minimized the damage to the vehicles and the injuries suffered by the plaintiffs.
Under these findings of fact we can find no basis whatsoever for holding that the truck driver Growe was negligent in this case, and concur with the trial judge when he stated, “It’s the opinion of the Court that this accident was caused solely and only because of the negligence of the driver of the Volkswagen, and that the driver of this defendant’s truck did everything possible to avoid the accident.”
For the reasons hereinabove assigned, the judgment of the trial court is affirmed, appellants to pay the costs of this appeal.
Affirmed.