MILLER, Judge.
Allen Rachal, plaintiff guest passenger on a left turning motorcycle, appeals the trial court’s decision that the overtaking passing motorist was not negligent.
At about 6:45 p.m. on October 26, 1967 Acie Joseph Lacour, Jr. was driving his motorcycle north on Louisiana Highway 1 about three miles north of Cloutierville in Natchitoches Parish. Allen Rachal was the passenger seated behind Lacour. He was holding (between the two of them) a paper bag containing either 4 or 6 cans of cold beer. The tail light on the motorcycle did not have a bulb in it and there were no reflectors on the back of the motorcycle. Lacour testified that he looked behind him and did not see any overtaking vehicles when he was some 300 to 400 feet from the private driveway where he was going to make his left turn. At that time he was traveling about 45 miles per hour and was in about the center of his proper lane of travel. He extended his left arm to signal his left turn and held his left arm in that position until he had to return his hand to the handle bar to make his left turn. He slowed gradually and estimated his speed when he began the turn as approximately 10 to 15 miles per hour. He never saw any lights from nor did he hear the overtaking vehicle. After he was in his left turn he heard brakes squealing and ran into the right side of Foster’s automobile, striking it just behind the right front wheel. Impact occurred about three feet into the passing lane.
Plaintiff testified that he never checked for overtaking traffic and was unaware of the overtaking vehicle until impact. He was certain that Lacour signaled this left turn and when they were two hundred feet from the private driveway plaintiff extended his left arm to signal a left turn. He was still signaling the left turn at impact. Both Rachal and Lacour testified that the motorcycle headlight was on, but they were certain that there was ample daylight so that you could see well without lights.
*631 Doyan Foster, the overtaking motorist, testified that it was quite dark at the time of the accident; that his headlights had been on since he left Alexandria, some 30 miles south of the site of the accident. The only visible thing in the road ahead of him was taillights of some vehicle about a mile or more ahead. He was driving about 60 miles per hour when he noticed something dark within the limits of his headlights. In his discovery deposition, Foster indicated that he was about ten car lengths away when he first saw the object, but at trial he estimated that he was only 60 to 70 feet behind when he first observed it. He made it abundantly clear that he was unable to give an accurate estimate of this distance. His first reaction was to firmly apply his brakes so that he could stop without striking the object. When he had slowed to 30 or 35 miles per hour he recognized that he was following a motorcycle. He studied it and was certain that no signals were being given and that no lights or reflectors were visible from the rear of the motorcycle. He then accelerated to pass, sounded his horn, blinked his lights and entered the passing lane. At an estimated speed of 50 miles per hour, while almost even with the motorcycle he observed with his peripheral vision the start of the left turn. He reacted with a sudden turn to the left into the ditch. One picture in evidence shows relatively minor damage along the right side of Foster’s car, starting behind the right front wheel. Although La-cour denies that he refused to allow pictures to be made of his motorcycle, he admits that his wife refused permission. Defendant’s adjuster testified that Lacour also specifically refused such permission.
Immediately after the accident Foster helped Lacour and Rachal, both of whom were in the ditch but conscious. Rachal’s most serious injury was a crushed ankle.
Appellant has not seriously questioned the trial court’s finding that Lacour was negligent and that his negligence was a proximate cause of the accident. If we are to find Foster negligent, it will be a reversal based on the trial court’s error on a finding of fact or on credibility of the witnesses. To reverse on this ground we would have to find manifest error.
Although the trial court did not make a specific finding that Lacour and Rachal were not testifying truthfully about their alleged left turn signals he did state that there was “ * * * no evidence of negligence on the part of Foster * * The trial judge is better able to evaluate the testimony of the witnesses. We find support in the record for the finding that these witnesses were not impressive.
The cases cited by appellant are not applicable to the facts of this case. In Paggett v. Travelers Indemnity Company, 99 So.2d 173 (La.App. 2nd Cir. 1957), the overtaking passing driver attempted to pass three cars, the second and third of which were heeding the left turn signal of the lead motorist. Faulker v. Ryder Tank Lines, Inc., 135 So.2d 494 (La.App. 2nd. Cir. 1961) was concerned with a speeding motorist passing in a “no passing” zone. In Kelly v. Neff, 14 So.2d 657 (La.App. 2nd Cir. 1943), the rule for city streets was applied. Husser v. Bogalusa Coca Cola Bottling Company, 215 So.2d 921 (La.App. 1st Cir. 1968) was concerned with a following vehicle that did not enter his left-hand or passing lane until he began to skid out of control after applying his brakes.
The only two vehicles here involved were the left turning and the overtaking vehicles. The overtaking motorist was not speeding. There was no prohibition against passing at this location. The impact occurred about three feet in the passing lane when the front of the left turning motorcycle struck the right side of the passing vehicle at a point behind the right front wheel.
The sole proximate cause of this accident was the negligence of Lacour in turning left when the overtaking vehicle had preempted the passing lane. Davis v. *632 Southern Farm Bureau Casualty Ins. Co., 134 So.2d 366 (La.App. 3rd Cir. 1961).
The judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Affirmed.