51 So.2d 411 (1951)
SUMRALL et ux.
v.
MYLES.
No. 3372.
Court of Appeal of Louisiana, First Circuit.
March 15, 1951.
*412 Ott & Watts, Franklinton, for appellants.
Ott & Richardson, Bogalusa, for appellee.
DORE, Judge.
This suit grows out of a collision which occurred on January 14, 1950, at about 6:30 P.M., on the Bogalusa-Franklinton paved highway about six miles east of Franklinton between a 1938 Ford automobile of plaintiff, Jesse S. Sumrall, and a Nash automobile of defendant, Earlie E. Myles. It is shown that plaintiff's automobile was being driven by Jewell Sumrall, accompanied by his brother, Jesse Sumrall, Jr., sitting with him on the front seat and by his parents, Mr. and Mrs. Jesse S. Sumrall, Sr., sitting on the rear seat, and that he was proceeding in a westerly direction on the aforesaid highway; that driving in the same direction to his rear was, first, the car of a person unknown and secondly the Nash automobile of the defendant, Earlie E. Myles. Plaintiffs allege that as they approached a hill the driver of plaintiffs' car signaled his intention to make a left turn at a gravel road located at the crest of the hill; that he did make a left turn to go into the said gravel road and that when the front end of the Ford automobile was off the pavement and on this gravel road it was struck by the Nash car, driven by defendant Myles; that the Ford automobile was being driven at a speed of approximately 15 or 20 miles per hour at the time of making the left turn and that the defendant was driving at an excessive and reckless rate of speed and attempting to pass two automobiles at the crest of the hill; that the whole cause of the collision was the gross negligence of the defendant in the following particulars:
"In driving his automobile at an excessive and reckless rate of speed following two other cars in front of him while going up a grade on the paved highway;
"In attempting to pass two vehicles in front of him while going up a grade on the highway while the traffic lane ahead of him was not visible for a sufficient distance for him to pass said vehicle in safety, contrary to the rules of the road, as established by the laws of this State;
"In failing to give a proper warning of his intention to pass said vehicle, and in failing to see and observe the signal given by the driver of the Ford car of his intention to make a left turn;
"In failing to keep a proper lookout, and in failing to have his car under proper control under the circumstances then existing;
"In driving his automobile on the highway while under the influence of intoxicating liquor."
As a result of the collision, plaintiff, Jesse S. Sumrall, claims damages against *413 the defendant in the total sum of $829.35, being $250 for damage to his automobile, $79.35 for the treatment of his wife and $500 for personal injuries. Plaintiff, Mrs. Nettie Lou Sumrall, wife of Jesse S. Sumrall, makes demand on the defendant in the sum of $1500 for her personal injuries sustained in the accident.
The defendant denied all acts of negligence alleged on his part and avers that immediately prior to the accident he was driving his automobile in a safe and prudent manner at a speed of approximately 50 to 55 miles per hour, and before attempting to pass the plaintiff's automobile he blew his horn and that just as he was in the process of passing the Ford automobile the driver thereof suddenly cut in front of him and headed to the left side of the road; that because of this sudden maneuver of the driver of plaintiff's automobile the defendant was unable to prevent the Nash car from colliding with the said Ford car even though he immediately applied his brakes and swerved his car to the left. Defendant alleges that the acts of negligence of plaintiff's driver in turning to the left across defendant's lane of traffic, without warning, was the negligence which constituted the proximate cause of this accident. It is further alleged that plaintiff's car was being operated without proper lights, and, in the alternative, in the event the defendant should be found guilty of negligence, which he denies, he pleads contributory negligence on the part of the plaintiffs, barring their recovery.
After trial of the case the trial judge for written reasons assigned, came to the conclusion that the defendant was guilty of negligence which was the proximate cause of the collision and granted judgment in favor of plaintiff, Jesse S. Sumrall, in the total sum of $254.35, being $75 for damages to the Ford car, $79.35 for medical attention to his wife and $100 for personal injuries, and $200 to Mrs. Sumrall for her personal injuries, with legal interest from judicial demand, and costs.
The defendant has appealed from this judgment. The plaintiffs have answered the appeal praying that the judgment be amended so as to award to the plaintiffs the amounts asked for in their original petition.
The finding of fact of the trial judge are briefly to this effect:
The occupants of the Ford car were going to a church which was located south of the Bogalusa-Franklinton highway, which church was reached by traveling on a gravel road from the highway located at the crest of a hill. On the east of this intersecting gravel highway the grade of the paved highway is rather steep and extends the distance of some 200 yards. The plaintiff's car, immediately prior to the accident, was proceeding up this grade, and as stated hereinabove, was being followed by another car owned by a person unknown and secondly by the defendant. It is shown by the preponderance of the evidence, to-wit, the testimony of all the occupants of the Ford automobile, that when the driver thereof reached a point on the paved highway some 200 to 250 feet east of the intersecting gravel road, he extended his hand horizontally outside of his car and properly indicated his intention to turn to the left and that when he did so, he began slowing his car and the stranger in his immediate rear also slowed down and that he performed every proper maneuver in making his left turn. The testimony of the defendant is to the effect that since the two cars ahead of him were going at a slower rate of speed than he desired to travel, he cut out from behind the stranger's car when he was at a distance of some 30 or 40 feet from the top of the incline or the point where the gravel road leads off from the main highway, and that the Ford car suddenly cut across the road to the left in front of him and created an emergency, and it was impossible for him to avoid running into said car, although he applied his brakes and swerved his car to his left. He further testified that prior to cutting out from behind the stranger's car, he blinked his lights and sounded his horn. The fact remains that the occupants of the Ford car deny hearing any sounding of the horn of defendant's car, or of seeing the lights of defendant's *414 Nash automobile, and the further fact remains that the defendant was attempting to overtake, not one, but two automobiles, and not on a level straight highway, but on the incline of a hill, whereon oncoming traffic could not be seen.
The trial judge makes the further observation that under the terms of Act No. 286 of 1938, Sec. 3, rule 7, Paragraph (c) to (d), LSA-RS 32:233, subds. C, D, it is provided that the driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction unless such left side is clearly visible and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in perfect safety, and whenever an accident occurs under such circumstances, the responsibility therefor, rests prima facie upon the driver of the vehicle doing the overtaking or passing, and further that a vehicle shall not overtake and pass another vehicle proceeding in the same direction approaching the crest of a hill or a substantial grade where the view of the driver doing the overtaking or passing is obstructed within a distance of 500 feet. There can be no question but what the defendant in this case, as reflected by the evidence herein, sought to overtake and pass a vehicle traveling in the same direction when he could not ascertain that the highway ahead was free from traffic in order to permit such overtaking and passing to be made in safety.
It may be added to the trial judge's finding that in the case involved, the defendant was not attempting to overtake only one car but two cars at a time when he was only 30 or 40 feet behind the second car from the intersecting gravel road and when he was driving at a speed of some 55 miles, according to his own testimony.
It is out opinion that the defendant was bound to await the passing of the crest of a hill before attempting the overtaking of the slow driving automobiles ahead of him and that the sole proximate cause of the accident was his obvious conclusion that the two cars ahead of him would continue straight ahead and that there would be no oncoming traffic from the east. In so far as the actions of the driver of the Ford automobile are concerned, we agree with the trial judge that the preponderance of the evidence shows no negligence on his part. He negotiated the left turn to the gravel road as any prudent person would.
Not finding any manifest error in the findings of fact of the trial judge, we conclude that the liability of defendant has been proved. In so far as the quantum of damages is concerned, we are also in agreement with the trial judge as set forth in his reasons therefore, which we quote as follows:
"The plaintiff seeks the recovery of $250.00 for damages to the Ford car and he itemizes these damages and in connection therewith he alleges that the left fender, left light, left wheel and entire left side of the car was crushed, bent and demolished. He produced a mechanic, Mr. Strahan, who estimated it would cost $250.00 to repair the car. The evidence shows the car was not severely damaged, having only the left rear side and fender crushed in, the left rear wheel broken and the left rear light likewise broken. It seems that the body was knocked out of line and re-alignment of same was necessary. The testimony shows that this Ford car was very old, and the plaintiff had traded for it a 1937 car which had cost him $250.00 some two or three years prior to the accident. It is true plaintiff spent $200.00 on the car in having the motor re-worked, but the motor was not damaged as a result of the accident. The defendant produced a witness who testified that cars of this character could be purchased on the open market for $100.00 and in the same condition it was in prior to the accident. I am satisfied that the claim of $250.00 is excessive and will allow $75.00 for damages occasioned to the Ford car.
"The plaintiff claims the sum of $500.00 for injuries which he sustained as a result of the accident. It is shown that he received a bruise on his forehead and some minor contusions to his left side and suffered from shock, and was unconscious *415 for sometime after the accident. The bruise on plaintiff's head was of a minor nature and did not stay there longer than 2 or 3 weeks, and the injury to his left side could not have given him discomfort for a period longer than one month. I am therefore of the opinion that the sum of $100.00 is adequate for the injuries suffered by the plaintiff.
"Plaintiff seeks the recovery of $79.35 for medical attention, medicines and drugs and ambulance service which he was forced to expend in connection with the injuries suffered by his wife. These items have been adequately proven and will be allowed.
"Mrs. Sumrall seeks the recovery of $1500.00 for the injuries which she suffered on account of the accident. The evidence shows that she received some bruises on her left side and a laceration on her head for which she received treatment at the Bogalusa Medical Center where she remained for approximately two days after the accident. She was discharged from the hospital as improved and remained in her bed at home for a period of one week. It is testified by her that she was in and out of the bed for some time thereafter. Dr. Morgan who treated Mrs. Sumrall testified that he sutured the lacerations, administered tetanus antitoxin and gave her opiates. He made X-rays of her chest and gave her penicillin to prevent pneumonia. He further testified that she remained in the hospital for about two days when he discharged her as improved and he did not see her again until some 3 or 4 days later at which time the sutures were removed from her scalp. He further testified that she suffered some pain from the lacerations of the scalp and the bruises on her chest, but that under ordinary conditions it would require only a week or ten days for a person to recover from such injuries. His testimony further reflects that he considers the injuries suffered by Mrs. Sumrall to have been minor in nature. The scar from the scalp wound is small and hidden by Mrs. Sumrall's hair, so consequently there was no disfigurement. Considering the minor nature of her injuries, I am of the opinion that she is not entitled to more than $200.00 for the pain and suffering undergone by her, and accordingly, this amount will be allowed."
For these reasons, the judgment appealed from stands affirmed.