LOTTINGER, Judge.
This is a suit for personal injuries in which petitioner seeks damages in the sum of $15,000. The lower court gave judgment in favor of petitioner and awarded damages in the sum of $2,500. Defendant has appealed.
On the night of January 26, 1951, petitioner attended a movie operated by the Southern Amusement Company, Inc., in the City of Leesville, Louisiana. After seeing the movie, petitioner went to the theatre office and called her daughter to pick her up outside the theatre. Upon emerging from the theatre, one side of a sign hanging outside fell striking petitioner in the head. The sign weighed approximately forty pounds. The side which fell loose and struck petitioner fell a distance of about eighteen inches. Mr. Richardson, the manager of the movie house, appeared on the scene a few seconds after the mishap and saw Mrs. Cohen kneeling on the pavement. He assisted her to a chair and applied a damp cloth to the wound to stop the bleeding. Shortly thereafter Mrs. Cohen’s daughter appeared on the scene and she and Mr. Richardson took petitioner to the hospital. Dr. Byrd gave petitioner a tetanus shot and bandaged the wound. The wound was small and did not require stitches. In going to and from the hospital, Mrs. Cohen walked to and from the car, assisted by her daughter and Mr. Richardson. Mrs. Cohen was not required to remain at the hospital but for a few minutes while Dr. Byrd was working on the wound.
Mrs. Cohen filed suit against the amusement company and their insurer, the American Employers Insurance Company. The petition alleges that petitioner received a severe concussion of the brain, a long laceration on the head, a massive hemorrhage, severe shock, contusions and bruises over other parts of the body and a derangement of the nervous system. She complains that, as a result of a severe injury to her head she now suffers and will continue to suffer in the future with severe pain in her head, back and legs.
The lower court rendered judgment in the sum of $2,500. Defendant has appealed seeking to have the amount of the judgment reduced, and petitioner has answered seeking to have the amount of the judgment increased.
Although the petition alleges that, as a result of the blow, petitioner was knocked out for a long length of time, such contention is not shown by the evidence. Mr. Richardson went to petitioner immediately after the accident. She was conscious at that time. Some bleeding resulted from the wound. The bleeding however, had stopped when petitioner reached the hospital, a few minutes after the accident. The petitioner claims that she was required to remain in bed for a period of three weeks. The evidence, on the contrary, shows that she visited Dr. Byrd’s office every week until her discharge about two months after the accident. Mrs. Cohen is a woman of about seventy years and, apparently was in good health prior to the accident. Subsequent thereto, she claims to suffer headaches and nervousness. The evidence shows that she went on a trip to California, unassisted, on July 22, 1951, and remained there until September 13, 1951. The record further shows that, although she went to movies three or four times a week prior to the accident, she continued to attend the movies subsequent to the accident although not as frequently.
The defendants have admitted liability. The only question before us is as to quantum of damages suffered by petitioner. Three doctors testified for the record, two by deposition and one on trial of the matter.
The doctor testifying at the trial was Dr. Byrd, the physician who treated Mrs. Cohen for the injury. He stated that Mrs. Cohen suffered, as a result of the accident, mild shock and a mild concussion of the brain and lacerated scalp and abrasion of the right leg. He gave her a tetanus shot, bandaged the wound to her head and allowed her to return home. The wound was not large enough to require stitches. Subsequent to the accident, Mrs. Cohen returned to Dr. Byrd’s office once a week for treatment until about March 30, 1951, when she was finally discharged. Dr. Byrd considered the injuries of minor nature, and stated that, at the time of her discharge, she had physically recovered from the in *843 juries. The only symptoms remaining were the headaches and nervousness, which are subjective symptoms.
Dr. Reid and Dr. Bodenheimer examined the petitioner on May 2, 1951, some three months after the accident. Their testimony was introduced via depositions. They both testified that Mrs. Cohen complained to them of headaches and nervousness. Dr. Reid testified that the scar on Mrs. Cohen’s head was about one-half to three-quarters of an inch long, and that it had healed at the time of his examination. He stated that petitioner was rather nervous and complained of headaches, and that she looked pale and appeared anemic. Dr. Reid’s examination was some time after the accident and much of his testimony was based on subjective symptoms, as was Dr. Boden-heimer’s testimony. Dr. Bodenheimer testified essentially the same as Dr. Reid, however, he did state that, as a result of his physical examination of petitioner, he felt sure that she was not anemic.
A great number of cases have been cited by opposing counsel as to quantum. In Sumrall et ux. v. Myles, La.App., 51 So.2d 411, this court awarded judgment in the sum of $200 for a laceration to the scalp requiring the injured party to remain in the hospital for two days and to remain in bed for one week, and was in and out of bed for some time thereafter. • In that case the doctor sutured the lacerations, administered tetanus antitoxin and gave the injured woman opiates. The doctor, in that case also considered the injury minor.
In Ferro v. Carter, La.App., 59 So.2d 163, the Orleans Court of Appeal awarded damages in the sum of $1,500 for pain and suffering for injuries to the back and neck and causing pain for several months, and temporary permanent injuries.
That the petitioner suffered injuries which, to a person of her age, were painful and caused some after effects is without question. However, we do not believe that the record justifies an award of $2,500. Petitioner took a long and unescorted trip to California six months after the accident, where she remained for about two weeks. The record further shows that she was released from Dr. Byrd’s treatment on March 30, 1951, and that she was not again treated by any doctor for the injuries sustained. Her visits to Dr. Reid and Dr. Boden-heimer on May 2,1951, were for the purpose of having them examine her in order that they might testify at the trial of the matter. We reach this conclusion because both doctors testified that petitioner was sent to them by her attorney, and that they only examined her and did not administer treatment to Mrs. Cohen.
While we believe that petitioner is entitled to recover greater damages than was awarded in the Sumrall case, we do not believe her injuries, and the resulting suffering, to be as severe as that of the Ferro case. In view of the fact that the symptoms of headaches and nervousness are mostly subj ective, and that the attending physician considered the injury minor, we believe that the judgment of $2,500 was excessive and should be reduced to the sum of $600.
For the reasons assigned the judgment of the lower court is amended by reducing the amount thereof to the sum of $600, and that, as amended, it be affirmed, the cost of this appeal to be paid by petitioner.
Amended and Affirmed.