92 So.2d 107 (1957)
BROWN & WILLIAMSON TOBACCO CORP.
v.
Alvin John BAUMGARDNER et al.
No. 4328.
Court of Appeal of Louisiana, First Circuit.
January 2, 1957.
*108 Davidson, Meaux, Onebane & Nehrbass, Lafayette, for appellant.
Landry, Watkins, Cousin & Landry, New Iberia, for appellees.
ELLIS, Judge.
Plaintiff, Brown & Williamson Tobacco Corporation, sought damages of $1,522 in this suit from the defendant Alvin John Baumgardner and his insurer, as the result of a collision between a '54 Chevrolet sedan delivery driven by plaintiff's employee, Joseph M. Hebert, and a '53 Ford two ton truck owned and operated by defendant, Alvin John Baumgardner.
The District Judge, after a trial on the merits, gave judgment for the plaintiff in the sum of $975 from which defendants have appealed.
The accident occurred about 9:30 A.M. on Sept. 13, 1955 on U. S. Highway 167, a two lane highway running between Lafayette and Abbeville, La., at a point about 5 miles from the city limits of Abbeville. The evidence shows that conditions were favorable, visibility was good and the highway was dry.
The collision took place at a juncture of a parish gravel road and the highway which forms a T intersection. Immediately prior to the accident Baumgardner was driving his truck at a rate of 20 to 25 miles per hour in a southerly direction and Hebert was driving the plaintiff's panel truck in the same direction at a rate of 50 to 55 miles per hour, so that he was over-taking the Baumgardner vehicle. As Hebert overtook Baumgardner's vehicle he drove into the left lane in an attempt to pass. Baumgardner turned left across the highway and the two vehicles collided. The gravel road itself was not marked in any way, nor were there any yellow lines along the center line of the highway in the vicinity of the intersection, and the road itself was not only difficult to discern from the highway but there was nothing to differentiate it from a private road.
The testimony is in conflict as regards certain facts surrounding the accident. Hebert testified that he blew his horn several times to warn Baumgardner of his intention to pass. Baumgardner testified that he heard the horn only at the time of the impact. In addition Hebert testified that he habitually watched for blinker signals and noted that although defendant's vehicle had such signals installed on it, they were not blinking at the time that he overtook defendant's truck. Baumgardner insisted that he had put his turn indicator into operation at a point which was between 100 and 200 feet before he reached the intersection. Baumgardner admitted that he did not bother to ascertain whether or not it was safe to turn, either by looking to the rear or by checking his rear view mirror, which was not obstructed in any way. There were no other witnesses to the accident itself other than the respective drivers of the vehicles involved.
On appeal the defendants urge LSA-R.S. 32:233, subd. E, which reads as follows as the basis for the contributory negligence:
"The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer."
In Dudley v. Surles, La.App., 11 So.2d 70, 73, the fact situation presented was very similar to the case at bar and in that case the Court stated:

*109 "* * * the locus of the collision could not be termed the intersection of a highway, so as to make applicable the quoted statutory provision, because the dirt road running east and west is not clearly defined and there is nothing to distinguish it from the ordinary plantation crossing. * * *"
King v. Willis, La.App., 75 So.2d 37, 38, is another case which presents facts which are very similar to those present herein. In that case the court quoted with approval the written opinion of the District Judge as follows:
"`The Court is personally familiar with the intersection and knows the River Road to be a paved, heavily travelled highway, while Distillery Lane is a small, unpaved and comparatively seldom used road which comes to a dead end at the River Road. Actually Distillery Lane is of such small importance as a road that even a frequent driver on the River Road, not thoroughly familiar with the immediate locality, ordinarily would not know of the existence of Distillery Lane.'
"Obviously Distillery Lane and River Road is not an intersection within the meaning of the above cited section of the Revised Statutes. See Dudley v. Surles, La.App.1942, 11 So.2d 70, 73."
Counsel for defendants have cited the following cases as authority for their contention that plaintiff should be barred from recovery in view of LSA-R.S. 32:233, subd. E: Hollabaugh-Seale Funeral Home, Inc., v. Standard Accident Ins. Co., 215 La. 545, 41 So.2d 212; Sumrall v. Myles, La.App., 51 So.2d 411; Fields v. Owens, La.App., 186 So. 849; Nichols v. Everist, La.App., 80 So.2d 199; Herget v. Saucier, 1953, 223 La. 939, 67 So.2d 543; Moncrieff v. Lacobie, La.App., First Circuit 1956, 89 So.2d 471.
The Hollablaugh-Seale case and the Fields case, supra, may be distinguished from the instant case on their facts. In these two cases the accident occurred within the corporate limits of municipalities. The Statute is unquestionably applicable to such intersections.
In the Nichols case, supra [80 So.2d 201], the court stated that the "so-called road intersection was simply the entrance to a private driveway and not a highway intersection as contemplated by the provisions of subsection E, of LSA-R.S. 32:233." This case cited by defendants' counsel is, therefore, not applicable to the case at bar.
In the case of Sumrall v. Myles, supra, the Statute cited above is not mentioned.
In the Moncrieff case, supra, the accident took place at the T intersection of the gravel Sora Street with the paved two lane Baton Rouge Baker Highway, and the court particularly noted that the highway at the place of the accident passes through an inhabited area rather than open country and, therefore, the court does not feel that a similar fact situation was presented.
In the Herget v. Saucier case, supra, the court found one of the plaintiffs contributorily negligent for violating LSA-R.S. 32:233, subd. E, by attempting to pass at an intersection. The following language in the decision distinguished the Herget case [223 La. 939, 67 So.2d 545] from the case at bar:
"* * * such intersection, according to the evidence, was clearly visible from the south for a considerable distance, and a lengthy yellow line along the center of the highway warned motorists of the danger of overtaking and passing vehicles at that point. * * *"
Thus under the jurisprudence the cited statute would not apply to the facts herein presented.
Under the provisions of LSA-R.S. 32:235 and 32:236 a driver attempting to make a left hand turn on a public highway must ascertain that he may do so without endangering overtaking or oncoming traffic, *110 must yield the right of way to such vehicles, and must give a signal indicating his intention. As a result of this statutory rule the courts have placed a burden of proof upon one who violates these provisions.
"When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence." Codifer v. Occhipinti, La.App.1952, 57 So.2d 697, 699.
Under the circumstances Hebert was undoubtedly in a better position to observe whether or not the blinker signals on Baumgardner's truck were operating properly prior to the collision. It is difficult to believe that Hebert would have attempted to pass Baumgardner if the blinker lights had been in operation for a distance of 100 to 200 feet before the vehicles reached the intersection. The unsupported testimony of the defendant is the sole proof that his turn indicator was operating. The defendant, therefore, has failed to shift the burden of proof which rests upon him. In addition, the defendant Baumgardner admitted that he did not bother to check whether or not it was safe to turn, either by looking to the rear or by checking his rear view mirror. He unquestionably violated the provisions of LSA-R.S. 32:233, subd. E, and his negligence was the proximate cause of the accident.
There is one more contention by defendant which must be considered, which deals with the plaintiff's failure to blow his horn until the time of the collision. The testimony in this regard is in conflict, however, and the District Court evidently accepted the testimony that warning had been properly given.
In view of these decisions the case of Nichols v. Everist, 80 So.2d 199, which was cited by defendant counsel as a basis for denying plaintiff's recovery would not be controlling in the present instance, since the fact situation was quite different, in that defendant was attempting to pass on a hill and at an intersection.
Since the trial judge's award was not manifestly excessive it will not be disturbed.
For these reasons the judgment appealed from is hereby affirmed.