99 So.2d 173 (1957)
Lillie Mae PAGGETT et al., Plaintiff-Appellant,
v.
TRAVELERS INDEMNITY COMPANY et al., Defendant-Appellant.
No. 8731.
Court of Appeal of Louisiana, Second Circuit.
November 26, 1957.
Rehearing Denied December 19, 1957.
*174 Holloway & Baker, Jonesboro, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh, Monroe, for defendant-appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for Aetna Cas. & Sur. Co.
HARDY, Judge.
This is a suit by plaintiffs, husband and wife, for the recovery of damages for personal injuries, medical expenses, etc., resulting from an automobile collision. The defendants are the insurers of the two cars involved. From a judgment in favor of plaintiffs and against the defendant, Travelers Indemnity Company, the said defendant has appealed. Plaintiffs have also appealed devolutively and have answered the appeal taken by Travelers Indemnity Company, praying for an increase in the amount of the awards.
The accident occurred at about 7:00 o'clock p.m. on December 29, 1955, at a point where U. S. Highway No. 167 is intersected from the west by a short, private road or street on which some five or six residences are located. A 1952 Chevrolet Tudor Sedan, owned by C. E. Smedley, driven by his sixteen-year old daughter, Bessie Mae, and insured by the defendant, Aetna Casualty & Surety Company, which had been proceeding north on Highway 167, while engaged in making a left turn from the highway into the road intersecting on the west side, was struck on the left rear side of said vehicle by a 1955 Ford Sedan owned by Adell Amos and driven by Clarence *175 Dunn, which vehicle was insured by the defendant, Travelers Indemnity Company.
Another suit arising from the same accident was instituted by Smedley, individually and for the use and benefit of his minor daughter, against Adell Amos and the Travelers Indemnity Company as defendants.
Despite some conflicts in the testimony, the pertinent and material facts were adequately established by a preponderance of the testimony. We set forth a recapitulation of these established facts, and, since our appreciation of the facts and the conclusions to be drawn therefrom are completely in accord with the evaluation and the decision of the district judge, as set forth in his written opinion, we think it is unnecessary to detail and analyze the testimony as given by each of the individual witnesses.
The Smedley car, proceeding north on Highway 167 at a speed of approximately 40 miles per hour, was being followed along the highway by several other vehicles, the nearest of which was between 50 and 100 yards to the rear. At a point about 150 feet from the intersection into which Miss Smedley intended to turn, she began to slow the speed of her vehicle and extended her left arm to give the proper signal for a left-hand turn. The two nearest following cars, which were being kept under close observation by Miss Smedley and her father, who was a passenger on the front seat, obviously observed her signal and slowed their speed in order to permit the execution of the left turn by the driver of the Smedley car. Both Miss Smedley and her father testified that as she began to make an angling left-hand turn to the left upon nearing the intersecting road, no other approaching vehicles were in view. As the Smedley car continued to turn and was in a position straight across the left lane of the highway, it was struck at a point at or near the left rear wheel by the Amos automobile.
The Amos car, driven by Clarence Dunn, was traveling at a high rate of speed, variously estimated at between 60 and 80 miles per hour, and was attempting to pass a group of several cars, the lead car being the Smedley vehicle.
Occupants of the Amos car were the driver, Clarence Dunn, the plaintiff, Lillie Mae Paggett, and the owner, Adell Amos, who were on the front seat. Lying down on the back seat was the plaintiff, Glenn Paggett, an employee of Adell Amos, who had suffered a severe burn of the left leg and who was being rushed to the Hodge Clinic at Hodge, Louisiana, for emergency treatment. The Amos car was being driven at a speed well in excess of the legal maximum limit of 60 miles per hour. We think it is also definitely established that Dunn, the driver, gave no passing signal and that he completely failed to observe the signal for the left-hand turn which had been timely and properly made by Miss Smedley.
It is clearly established that Dunn, moving at a high rate of speed, pulled into the left lane of the highway and was attempting to pass at least three automobiles, all of which had slowed down in order to permit the Smedley car to negotiate a left-hand turn. We think there is no question as to the gross negligence of Dunn in driving at an excessive rate of speed; in attempting to pass a number of automobiles, moving slowly in the same direction, without giving adequate signals of his intention, without assurance that this movement could be safely performed, and in failing to observe and heed the signal for a left-hand turn given by the driver of the Smedley car. Dunn's negligence in these respects was conclusively established and constituted proximate causes of the accident.
The principal question tendered by this appeal involves a factual issue as to the existence, vel non, of contributory negligence on the part of Miss Smedley. In support of the contention that Miss Smedley was guilty of negligence in attempting to *176 make a left turn when the way was not clear and when such an operation could not be safely undertaken, which asserted negligence was the sole and proximate cause of the accident, learned counsel for defendant, Travelers Indemnity Company, cites a long list of cases.
The general principle, as enunciated and emphasized in the cases cited, that a left-hand turn is a most dangerous operation and is not to be undertaken until a driver ascertains that it can be performed in safety, is now so well established and so firmly imbedded in our jurisprudence as to admit neither question nor argument. But it must be borne in mind that every general rule is subject either to exception or to modification in the light of the facts of a particular case. We very much fear that our courts may have been guilty of some overemphasis in the establishment and reiteration of this rule, which has resulted in the assumption that the driver of a vehicle who undertakes a left-hand turn is guilty of negligence, per se, in the event an accident occurs. Certainly, this result was never intended. Under the facts which we consider to have been well established in the instant case, if it should be held that the driver of the Smedley car was guilty of negligence, it would be difficult to imagine an instance in which a left-hand turn could be made without an imputation of negligence. Miss Smedley took every reasonable precaution, made close observation of following traffic, noted the lack of traffic approaching from the opposite direction, checked the location of following cars, gave a proper and timely signal of her intention to make a left-hand turn, observed that her signal was being heeded by the other cars within view to the rear, and, finally, and only then, began to carefully negotiate the left turn. But it is urged that Miss Smedley did not perceive the approach of the Amos vehicle which was attempting to pass. The obviously appropriate answer to this contention is that up until the time Miss Smedley actually began to turn her car to the left the Amos car was not susceptible of observation in the course of its passing movement. We think a clear picture of the maneuver undertaken by Dunn, the driver of the Amos car, has been established by the testimony of the witnesses, and it is an operation with which every driver of motor vehicles on the public highways is familiar. Dunn, driving at a high rate of speed, suddenly pulled out from the rear of a string of several cars into his left-hand lane, and, as he began the attempt to pass the preceding cars, the Smedley vehicle began its left-hand turn. In this connection we observe that Dunn's testimony as to the location of his car, with relation to the Smedley car at the time the turn was made, is so incredible as to be preposterous. We think it is exceedingly clear that in the brief period of time during which Miss Smedley, perforce, ceased to observe the highway to the rear of her course and actually began the turning movement, the Amos vehicle pulled out of its proper lane of traffic and engaged in what we regard as a grossly negligent effort to pass, not one, but several, automobiles. Under these factual circumstances, we can have no question as to the conclusion that Miss Smedley was not guilty of any negligence and that the several acts of negligence above enumerated on the part of Dunn constituted not only proximate but the sole proximate causes of the collision.
The facts found, and the conclusions reached by our brethren of the First Circuit in Sumrall v. Myles, 51 So.2d 411, are appropriate to a consideration of the instant case.
By stipulation of counsel for the parties to this suit it is conceded that the policy of insurance issued by the Travelers Indemnity Company in favor of Adell Amos covered the automobile driven by Clarence Dunn at the time of the accident, and such protection inured to the benefit of the plaintiffs. Under the terms of the policy the maximum limits of protection were *177 fixed in the sum of $5,000 for personal injuries to any one person, $10,000 for injury to more than one person arising out of the same accident, and $5,000 for property damage.
There remains for consideration the question of the quantum of the award in favor of the two plaintiffs, which award is attacked both by plaintiffs, who insist the amounts are inadequate, and by defendant, who earnestly urges that the amounts are excessive.
The judgment of the lower court awarded the sum of $2,000 in the nature of damages for personal injuries, plus the sum of $685.50 for medical expenses, in favor of the plaintiff, Lillie Mae Paggett, and the sum of $1,000 for personal injuries in favor of plaintiff, Glenn Paggett. Plaintiff's petition prayed for the allowance of the total sum of $25,000 on behalf of Lillie Mae Paggett, and the sum of $42,500 in favor of Glenn Paggett, together with an additional sum of $2,500 representing medical expenses incurred and to be incurred by Glenn Paggett, as husband of Lillie Mae Paggett and head and master of the community.
It should be pointed out that the awards made in favor of plaintiffs, as above noted, erroneously included the amount of medical expenses incurred and to be incurred by plaintiff, Lillie Mae Paggett, in the judgment in her favor. It is evident that the amounts representing medical expenses incurred and to be incurred by the plaintiff wife should have been included in the judgment in favor of her husband as head and master of the community.
We perceive no error in the amounts allowed with reference to the medical expenses of the plaintiffs. The items comprehended in the award included the sum of $165.50 representing hospital and medical expenses incurred by the plaintiff husband for his own treatment; the sum of $185.50 incurred for treatment of the plaintiff wife, and an amount of $500 fixed as the reasonable cost and expense of a future operation for the repair of the knee injury of the plaintiff wife. These sums, aggregating $851, were properly allowed but should be included in the judgment in favor of the plaintiff husband.
The plaintiff, Glenn Paggett, unquestionably suffered from injuries to his left knee in the nature of abrasions, lacerations, bruises, etc., as the direct result of the automobile collision in which he was thrown violently to the rear floor of the Amos car. However, it is equally as evident that these injuries were comparatively superficial and, in themselves, did not produce any disabling effects. The uncontradicted medical testimony in the case conclusively establishes the fact that Glenn Paggett's permanent disability is the direct result of the severe burns of the left leg which he suffered prior to the automobile accident. After thorough consideration, we find no ground for pronouncing error as to the conclusion of the district judge in allowing recovery in the sum of $1,000 in the nature of damages for personal injuries to this plaintiff. We cannot find that such an award is either inadequate or excessive.
By far the most serious injuries to any of the parties involved were incurred by the plaintiff, Lillie Mae Paggett, who suffered a whiplash injury to the cervical vertebrae and a painful and partially disabling injury to the left knee. There is no real dispute between the medical witnesses as to the nature and effect of these injuries. X-rays taken more than six months following the accident disclosed a small chip evulsion of the fifth cervical vertebrae. Medical examinations made at the same time, and additional examinations made in January of 1957, more than a year following the accident, confirmed this finding and substantiated the continuing pain, discomfort and inconvenience resulting *178 therefrom. Examinations of the knee injury, which were made at the same times, indicated the presence of a "loose body" in the front outer side of the knee, and an operation for the correction of this condition was strongly recommended. The medical evaluation of the injuries suffered by this plaintiff indicated that at the time of the last examination, slightly more than a year following the accident, plaintiff continued to suffer a degree of pain and discomfort which would unquestionably affect the performance of her duties as a housewife. The prognosis of plaintiff's examining physician, Dr. Altenberg, indicated that the whiplash injury would continue to cause pain and discomfort for an additional period of some six months or more, and that the knee condition clearly indicated the necessity of operative procedure.
Under these circumstances, we feel that the award in favor of Lillie Mae Paggett was substantially inadequate. The fact that plaintiff had continued to suffer a substantial degree of pain for a period of more than one year, and would continue to suffer for an additional period of six months, more or less; that she has been seriously hampered in the performance of her duties and will continue to suffer somewhat serious discomfort for an extended period of time, and, finally, that it will be necessary for plaintiff to undergo an operation for the repair of the knee injury, are factors which justify a material increase in the judgment. While it is not possible to ascertain and fix an appropriate amount with any degree of certainty, we feel that an award in the sum of $3,000 would more nearly approximate a just evaluation of the damages suffered.
For the reasons assigned it is ordered, adjudged and decreed that the judgment in favor of plaintiffs and against the defendant, Travelers Indemnity Company, be amended by increasing the principal amount awarded in favor of the plaintiff, Glenn Paggett, to the sum of $1,851, and in favor of plaintiff, Lillie Mae Paggett, to the sum of $3,000, and, as amended, the judgment is affirmed at the cost of defendant-appellant.