HARDY, Judge.
This suit was instituted by plaintiff, individually and for the use and benefit of his minor child, for the recovery of damages in the nature of personal injuries and property damage suffered as the result of an automobile collision. Named as defendants were Adell Amos, owner of the other automobile, and Travelers Indemnity Company, his liability insurer. From a judgment in favor of plaintiff and against the defendants, in solido, the defendants have appealed. Plaintiff has answered the appeal, praying for an increase in the amount of damages allowed.
This suit arises from an automobile collision between a car owned by plaintiff and driven by his minor daughter, Bessie Mae Smedley, and another automobile owned bj' Adell Amos, which occurred in Jackson Parish, Louisiana, on December 29, 1955. The facts are fully set forth in our opinion in the suit styled Paggett v. Travelers Indemnity Company, 99 So.2d 173.
For the reasons expressed in the opinion in the related case, it follows that the judgment in favor of plaintiff is correct, subject to a consideration of the quantum of the award.
Plaintiff’s sixteen-year old daughter luckily escaped serious injury and suffered only a mild concussion. She was confined in Hodge Clinic in Hodge, Louisiana, from the time of the accident on Thursday night, December 29th, until about noon of December 30th, when she was discharged and returned home, where she remained in bed until the following Tuesday morning when she returned to school. The young lady testified that she suffered from soreness following the accident and could not play basketball for about two weeks; that she suffered from headaches two or three times a month, but that it had not been necessary for her to consult a physician or have any medical attention since she was discharged from the clinic the day following the accident. The attending physician testified that he had examined Miss Smedley the week before trial and made no physical findings as the result of such examination; that in response to his questions the patient stated she suffered from intermittent headaches for a period of approximately three months following the accident; that such an experience was the normal result of the injury received and that he found no permanent disability whatsoever.
On the basis of this testimony the district judge allowed recovery by plaintiff, for the use and benefit of his minor daughter, of the sum of $750. We are disposed to feel that this award was somewhat excessive and should be reduced to the sum of $500.
Judgment was rendered in favor of the plaintiff, individually, in the sum of $714.56, *180 represented by the items of property damage to his automobile in the sum of $667.06, an allowance for loss of wages for two days at $14.50 per day and the amount of $18.50 paid for hospital and medical care of his daughter following the accident.
We think the allowance in favor of the plaintiff, individually, is subject to some adjustment. First, we observe that while plaintiff alleged the loss of wages for two days at $14.50 per day, the record contains no evidence in substantiation of this item, and it follows that this amount was improperly allowed. There appears to be no dispute as to the amount fixed for the repair of the automobile or the amount of the medical expenses and these items must, therefore, be accepted as correct. Plaintiff testified that he suffered from a catch in his shoulder for a period of about three weeks following the accident, which disability, slight as it was, caused him some trouble in performing his duties as a rural mail carrier. While this condition was of a minor nature and degree and endured only for a brief period of time, we feel that plaintiff is entitled to some allowance in the nature of nominal damage for the discomfort and inconvenience resulting from his injury, which, in any event, was sufficiently serious to necessitate his laying off from work for two working days in addition to the week-end following the accident. We think an allowance of $100 in favor of plaintiff on this account would represent an adequate award.
For the reasons assigned the judgment appealed from is amended by increasing the principal amount awarded in favor of plaintiff, C. E. Smedley, individually, and against the defendants, in solido, to the sum of $785.56, and by decreasing the amount awarded in favor of plaintiff, C. E. Smed-ley, for the use and benefit of his minor daughter, Bessie Mae Smedley, and against the defendants, in solido, to the principal sum of $500, and, as amended, the judgment is affirmed at the cost of defendants-appellants.