On the Merits
The evidence discloses that on the afternoon of January 26, 1958, plaintiffs, William J. Sheridan and Lena M. Sheridan, husband and wife, were driving their car in an easterly direction approximately one and one-half miles west of Scott, Louisiana, on U. S. Highway 90, and that Wilmer Deshotel was driving a truck belonging to Milwhite Mud Sales Company in the same direction. As the said Wilmer Deshotel approached the intersection of U. S. Highway 90 and Louisiana Highway 724, a secondary highway in the state highway system, he attempted to make a left hand turn, and as he attempted to make said left hand turn, he did not give a manual signal or signal by indicator that he was about to make said turn. At approximately the same time that Deshotel attempted to make the left hand turn, William Sheridan attempted to pass the said truck, and as a result a collision occurred between Deshotel and Sheridan, resulting in the physical injuries and property damage complained of in this suit.
The evidence reflects that Louisiana Highway No. 724 is a secondary road being of gravel construction, that the highway signs are so small that they do not sufficiently warn persons traveling said Highway 90 of the existence of this intersection, and that there is no yellow line at the intersection to warn passengers that it is dangerous to pass at this particular point.
It appears to this Court that after a reading of all the cases cited by counsel for all parties that this case is very similar to the case of Brown & Williamson Tobacco Corp. v. Baumgardner, La.App., 92 So.2d 107.
In his supplemental brief, counsel for defendants-appellants cite the case of Johnson v. Wilson, La., 118 So.2d 450, in support of their contention that plaintiff driver, William Sheridan, was contributorily negligent in the case at bar. The Court has read the Johnson case, supra, very carefully, and finds that the facts in that case differ from the ones in the case at bar for the following reasons:
(1) That it was found as a matter of fact that the driver of the Wilson car was driving his vehicle at a speed in excess of sixty miles per hour.
(2) That no intersectional collision occurred between Johnson and Wilson.
The Court concludes that the sole and proximate cause of the accident and resulting injuries was the negligence of the defendant, Wilmer Deshotel, in attempting to make a left hand turn on U. S. Highway 90 without giving a hand signal or signal by indicator, and without looking to the rear before making said left hand turn.
Quantum
The remaining question for determination is the amount of the award which plaintiffs should recover in this case.
*310 Plaintiff, Mrs. Lena M. Sheridan, was the only one injured in the accident. Dr. Oliver Dwaine Foreman, Dr. Richard Weddington Hughes, Dr. I. Ashton Robins, Dr. T. L. McNeely, and Dr. Joseph M. Edelman treated or examined Mrs. Sheridan.
Dr. Foreman testified at the trial of the case. The testimony of Drs. Hughes, Robins and Edelman was by deposition, and as such was introduced in evidence. Dr. T. L. McNeely sent a short note which was introduced in evidence.
Mrs. Sheridan complains that she suffered as a result of the accident the following injuries: (1) whiplash injury, (2) sprained thumb, (3) headaches and a neu-roma, and (4) disfigurement.
Mrs. Sheridan was injured on January 26, 1958. On the same day she was seen by Dr. T. L. McNeely of Crowley, Louisiana. He did not remember any details of the accident. He did not make a record of the visit.
Mrs. Sheridan first saw her family physician, Dr. I. A. Robins (the trial judge spells the name Robbins in his opinion; the deposition shows that his correct name is Robins) on February 12, 1958, and the second and last visit was on March 24, 1958. After examining x-ray films and making a physical examination of Mrs. Sheridan, Dr. Robins was of the opinion that she suffered a mild whiplash injury of the neck, cerebral concussion, contusion of the left arm and left thumb, and that she had a permanent scar on the forehead. On the visit of March 24, 1958, Mrs. Sheridan complained more of the thumb injury. She did not complain much of the whiplash injury and the head injury. Dr. Robins made a negative finding as to the neck on the March 24, 1958, examination. Dr. Robins testified that the headaches which Mrs. Sheridan complained of. were probably due to the whiplash injury.
Dr. Hughes is a plastic surgeon. While it is true he was not a member of the American Board of Plastic and Reconstructive Surgery at the time his deposition was taken, still he has had considerable experience in that field working under Dr. Neal Owens of New Orleans, Louisiana. Dr. Hughes examined Mrs. Sheridan on two-occasions, on May 5, 1958, and February 24, 1959. On the first examination Dr. Hughes found an area of scarring on the-left forehead which was irregular and pigmented brown. The scar began at the outer one-third of the left eyebrow and extended-upward for one inch, ending at the apex of a triangular area of scarring, the sides-of which were one-half inch long. The scar was rough. From the superior end of the triangular area of scarring, there was a fine line scar extending one inch up to the hair line. He found neuroma or foreign body in the scar, causing pain of the scalp. He did not recommend surgery and found that while the scar should improve some, it would always be present. He did recommend surgery for the neuroma. This would be minor and could be performed as an outpatient under local anesthesia.
Dr. Oliver Dwaine Foreman was the only physician testifying at the trial. He is a neurosurgeon. He first examined plaintiff, Mrs. Lena M. Sheridan, on May 27, 1958, and again on March 26, 1959. He found that Mrs. Sheridan had suffered a concussion. He also stated that she complained of headaches which might be associated with the neck. However, on both examinations, Dr. Foreman found no objective symptoms of any neck injury. He also was of the opinion that Mrs. Sheridan had a neuroma.
Dr. Joseph Edelman testified by deposition for defendant. He is a neurosurgeon and testified that in his opinion Mrs. Sheridan did not suffer a concussion, nor did she have a neuroma.
This Court had occasion to examine Mrs. Sheridan in person. She has a rather dark complexion, and for this reason, the scar is not as noticeable as it would be on a person with a light or fair complexion.
*311 The Court concludes that Mrs. Sheridan suffered a minimal whiplash injury producing temporary mild discomfort, a slight sprain of the left thumb, and a slightly painful neuroma, with a barely perceivable scarring on the left forehead. Considering the temporary and relatively minor nature of Mrs. Sheridan’s personal injuries, the award by the trial court of $2,000 for such injuries is not manifestly inadequate and will not be disturbed.
For the reasons assigned herein, the judgment of the lower court is affirmed.
Affirmed.