REID, Judge.
An automobile accident occurred on or about May 5, 1963 near the intersection of the Hooper Road and Greenwell Springs Road, East Baton Rouge Parish, Louisiana. This accident was in the form of a collision between an automobile driven by the plaintiff, Edgar E. Huddleston and a pickup truck driven by one Roger Knight while said Roger Knight was attempting to pass an automobile driven by Earl Venable.
At the time of the accident, Edgar E. Huddleston was approaching the intersection of the Hooper Road and the Greenwell Springs Road while on the Greenwell Springs Road, traveling in a southerly direction. The intersection here is in the form of a “T”, and Edgar Huddleston was planning to turn right onto the Hooper Road and had apparently indicated this intention by turning on his turn indicator signal.
Simultaneously, Earl Venable was approaching the intersection on the Hooper Road, while traveling in an easterly direction, and was planning to turn to the left and continue in a northerly direction, which he did.
A 1955 Chevrolet pickup truck, owned by one Carl D. Smith, driven by Roger Knight was proceeding in a northerly direction on the Greenwell Springs Road some distance south of the intersection, and when Knight *634 attempted to pass the Venable vehicle, he collided in the southbound lane with the Huddleston vehicle.
Mr. Huddleston charged that the accident resulted from the negligence of Carl Venable and Roger Knight and that the negligence of Roger Knight was imputable to the W. C. Smith Tomato Company, his alleged employer, which was covered by a policy of insurance by Carolina Casualty Company. In the alternative, Mr. Huddleston asserted that if Carl Venable was uninsured and if no coverage was afforded to Roger Knight, that he should recover under the uninsured motorist provision of his policy with Lum-bermens Mutual Casualty Insurance Company.
It was found on the trial of the case that the accident was caused solely by the negligence of Roger Knight, and that Roger Knight was not an employee of W. C. Smith Tomato Company and that Carolina Casualty Company should be dismissed from the pending suits, but that judgment be rendered against Lumbermens Mutual Casualty Insurance Company, the uninsured motorist insurer of Edgar E. Huddleston.
The plaintiff herein has taken an appeal from the judgment of the trial court seeking an increase in the award. Defendant, Lumbermens Mutual Casualty Insurance Company has filed an answer, asking that the award be reduced.
It is noted, however, that neither the brief of the plaintiff-appellant nor of the defendant-appellee deals with the issue of the negligence of Earl Venable nor of that of the employer-employee relationship existing between Roger Knight and the W. C. Smith Tomato Company. This Court has no choice but to regard these issues as abandoned on appeal, and to decide this case solely as to the issue of quantum. The ruling of the trial court in negating said employer-employee relationship is therefore affirmed.
Mr. Huddleston was awarded $1,100.00, being $1,000.00 for personal injuries and $100.00 for the deductible portion of his-automobile, said award being made under the uninsured motorists provision of the policy issued to Mr. Huddleston by Lumber-mens Mutual Casualty Insurance Company. The only question before this Court is the sufficiency of this award.
In reviewing the evidence submitted at the-trial level with regard to the injuries sustained by Mr. Huddleston, it is apparent from the testimony of Dr. A. F. Sanders, that though somewhat painful, they were superficial, upon immediate examination,, and required only minor treatment. The-injuries complained of immediately after the accident were multiple aches and pains, small lacerations, and a bruised knee. The-bruises, abrasions and lacerations were-treated, and a X-ray taken on his knee, this showing only a pre-existing arthritic condition. However, a later medical report-given by Dr. Sanders, dated September 17, 1963, was submitted wherein Dr. Sanders diagnosed an acute cervical strain, but according to Dr. Sanders, there is no record of there ever having been any treatment f or' this proported injury.
An increase, to the extent asked for by the plaintiff, in the award given by the-trial judge could be justified only by accepting the contention of the plaintiff that the accident aggravated both the pre-ex-isting arthritic condition and a pre-existing heart condition. In this regard, we must again turn to the testimony of Dr. A. FI Sanders, Mr. Huddleston’s physician, to-wit:
“Q. Was there any evidence of aggravation of these prior existing conditions?'
A. Well, I feel that there possibly was. some aggravation of pre-existing conditions.
Q. All right, sir, what were these conditions, Doctor, and the aggravation, the nature of the aggravation?
A. You want Mr. Huddleston’s medical diagnosis completely?
*635 ■Q. Well, with reference to these aggravations of these previously existing •conditions, yes, sir.
A. Mr. Huddleston had evidence of .arteriosclerotic cardiovascular disease .and he had — this involves primarily his heart and there was — -he had some ■trouble with his cardiac function following this accident, how much was — exactly how much of this could have been attributed to the accident I do not know. In addition, Mr. Huddleston has evi■dence of arthritis, osteoarthritis associated with aging, and with any trauma to joints, the bones or muscles are likely to aggravate this type of arthritis.”
¡Continuing,
“Q. Do you feel that some portion of his present complaints are a result of the accident although you may not break thdm down exactly as to percentage ?
A. Possibly. I don’t really know.”
And further, on cross-examination, Dr. Sanders testified as follows:
“Q. Is this worsening of the arthritic •condition consistent just with the passage of time ? Isn’t that the picture, that it gets worse as time goes on?
A. That’s true.
■Q. And so is it entirely possible that "the complaints that he has today or voiced to you on June 7th of this year are traceable strictly to the osteoarthri-"tix?
A. No, sir, he has other conditions, too, that would account for some of the complaints that he had at that time.
'Q. What are those?
A. Mr. Huddleston has severe gastrointestinal disturbances and he has circulatory disturbances, cardiac disturbances that are of a severe nature at times.
Q. And these occur independenct of the accident ?
A. Pie had these before the accident, yes.”
It is apparent that while Dr. Sanders thinks that the accident aggravated these pre-existing conditions, he can not be sure to what extent, but does believe the aggravation to be temporary. More importantly it is entirely possible that the discomfort which Mr. Huddleston is now experiencing are the results of the natural progression of his ailments.
Any determination as to the adequacy of the Gaspard case had abused the discretion the language of Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 in mind. There it was held:
“In resolving the question of whether the jury in fixing the amount of the award in the Gaspard case had abused the discretion vested in it by law, we pointed out that ‘ * * * In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration.’ ”
The rationale of the above mentioned case is obvious as the Judge or jury at the trial level is able to observe not only the demeanor of the plaintiff, but also can make a visual determination as to his injuries, especially the residual. Thus, before expanding the award made by the Trial Judge we must find a gross divergence between the injuries complained of and the award.
As to Mr. Huddleston’s claim of between $3,500.00 and $4,000.00 for the alleged cervical strain, plus the post traumatic arthritic condition, together with the residual pain in the neck and shoulders, we can find little *636 justification. There was no record of any cervical strain until fully four months after the accident, and thereafter there was no record of any treatment for said injury. Also, Mr. Huddleston’s own physician testified that while he thought the arthritic condition was aggravated, he could not say to what extent, and he also stated that the aggravation was temporary. He (Dr. Sanders) also testified that any discomfort from which Mr. Huddleston now suffers results from pre-existing ailments and were not necessarily caused by the accident. The case of Fisher v. Norwich Union Fire Insurance Society, La.App. 1st Circuit, 1960, 119 So.2d 562, cited by the plaintiff does not throw much weight in this case as there, the injured party was gainfully and actively employed at the time of the injury, and was subsequently relieved of his job as he could not perform his duties. Also, there was very effective corroborating testimony as to the extent and for how long the preexisting arthritic condition was activated. In the present case, the testimony was, at best, speculative.
With regard to the knee injury, the plaintiff cites Paggett v. Travelers Indemnity Company, La.App., 2nd Cir., 1957, 99 So.2d 173, where an award of $1,000.00 was made for an apparently superficial knee injury consisting of abrasions, lacerations, and bruises. While we have no way to compare these respective injuries, it would seem that in light of his other injuries Mr. Hud-dleston should be entitled to a sum at least somewhat larger than the $1,000.00 awarded for an injured knee above in the Paggett case.
There was no concrete evidence that the aggravation of the heart condition was anything but temporary, and the only other injuries .apparent were various aches and pains and lacerations of the face.
While the plaintiff is hardly entitled to the damages prayed for, that is, $8,500.00, it would seem that the sum of $1,000.00 originally awarded is insufficient considering both the injuries directly resulting from the accident, and the aggravation of his pre-existing ailments. For these reasons, the award of $1,000.00 for personal injuries is to be increased to $2,000.00.
While the defendant, Lumbermens Mutual Casualty Insurance Company, may be correct in asserting that the uninsured motorist coverage does not cover property damage, there is nothing in the record to substantiate this and this portion of the original judgment is affirmed. Therefore,, judgment herein is amended to increase the total award to $2,100.00, and as amended, it is affirmed.
Amended and affirmed.