HARDY, Judge.
This is a tort action for damages resulting from personal injuries sustained as the result of a motor vehicle collision, and plaintiff appeals from judgment rejecting his demands.
The accident occurred in late afternoon of November 25, 1958, on Louisiana Highway 3, at a point some five or six miles north of Bossier City. Plaintiff was driving a farm tractor south on the highway and, while making a left turn, collided with a truck-trailer unit owned by defendant, Salley Grocery Company, and driven by its employee, Sam Bryant. The Salley truck was also being driven south and was in the act of passing plaintiff’s tractor at the time of the accident. The point of impact was located by the investigating trooper some 300 to 350 feet north of what is known as Planters Store, located on the northeast corner of a road intersecting Highway 3 from the east.
The claims of plaintiff are based upon the contentions that the driver of the Salley truck was negligent in attempting to overtake and pass another vehicle without giving audible warning and in attempting to pass at a highway intersection while traveling at an excessive rate of speed.
According to the testimony of plaintiff, he gave a hand signal for a left turn, looked to his rear and saw that following cars had observed and heeded the signal, and, without making further observation, placed both hands upon the steering wheel and began his left turn across the highway with the intention of .reaching the east shoulder of the road, along which he proposed to travel to a point where he could turn into the parking space in front of Planters Store. Plaintiff did not at any time see the large truck-trailer unit.
The physical facts which are particularly important in the instant case were clearly established. The accident did not occur at a road or driveway intersection but at a point some 300 feet, more or less, distant from an intersection. The Salley truck did not strike plaintiff’s tractor, but, on the contrary, was struck by the latter vehicle as plaintiff attempted to make his left turn. The point of impact was along the right side of the truck-trailer unit, beginning at the .right front fender of the truck and continuing to the rear of the unit.
In brief before this court, counsel has made the statement that four named witnesses
“ * * * testified that the Salley Grocery Company truck was traveling at an extremely high rate of speed, probably in excess of sixty miles per hour.”
Our examination and re-examination of the record indicates that counsel is in serious error with respect to this statement. Two of the witnesses he named testified that the truck was moving at a speed of 45 to 50 miles per hour; one testified that it was moving at a speed of 40 to 45 miles per *723 hour, and the other testified that the truck speed was “round about” 40 miles per hour.
It is evident that the charges of negligence with respect to excessive speed and passing at an intersection must fail.
With reference to the failure of the driver to give audible warning of his intention to pass, it must be noted that this witness testified positively that he sounded his horn before beginning his passing movement. While it is true that other witnesses testified that they did not hear such a signal, we do not find that the failure to sound the horn, under the facts of this case, constituted an element which contributed to the occurrence of the accident.
We think there is no question but that plaintiff’s tractor was being immediately followed by one o.r two passenger cars and that the driver of the Salley truck was attempting to negotiate the passage of these cars and the tractor, all of which, according to the testimony, were moving at a speed of about ten miles per hour. Under certain factual circumstances, such an action could constitute negligence, but this conclusion is not justified in the instant case. We are unable to perceive any reason why a vehicle, traveling at a reasonable rate of speed of between 40 and SO miles per hour, should not attempt to pass other vehicles moving at an approximate speed of ten miles per hour on the open highway at a point where there was no intersection, and, therefore, no reason for anticipating the execution of a left turn by any one of the preceding vehicles. Nor are we able to understand why the plaintiff, in making his observation to the rear, failed to observe the approach of the truck-trailer unit.
We think the record abundantly sustains the conclusion that plaintiff was guilty of gross negligence in attempting to make a left turn across a highway at a point where there was no road intersection, and without making, and continuing to make, proper and timely observation of traffic approaching from the rear, and that these acts of negligence, with relation to the instant case, were the sole and proximate causes of the accident. The conclusively established fact that plaintiff turned his tractor into the side of the truck at the every instant it was passing his vehicle is an additionally substantial factor in establishing his negligence.
We are thoroughly cognizant of the holdings in the cases which counsel for plaintiff has cited and upon which he relies, including Paggett v. Travelers Indemnity Company, (2d Cir., 1957), La.App., 99 So. 2d 173; Cotton v. American Indemnity Company (2d Cir., 1959), La.App., 116 So. 2d 342; Hinton v. Beyl (1st Cir., 1960), La.App., 122 So.2d 680, and Faulkner v. Ryder (2d Cir., 1961), La.App., 135 So.2d 494.
The facts in the above cited cases are easily distinguishable from those involved in the instant case and comprehended acts of negligence such as grossly excessive speed, attempting to pass at an intersection, etc., none of which have been established against the driver of defendant’s vehicle in this case.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.